UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

FILED
U.S. DIST. COURT
MIDDLE DIST. OF LA.

98 MAY -1  PM 12: 12

RICHARD T. MARTIN

| | | |
|---|---|---|
| CHARLES ADAMS; JERRY ADAMS; KENNY | * | CIVIL ACTION NO: |
| W. ADAMS; VERNON ASHFORD; MARY | * | 98- 400 |
| BARROW; KENNY BELL; DONALD | * | |
| BENNETT; LORECHIA BROWN; FRANK | * | |
| CAGE; JOSEPH CATHERINE; RITA CURRY; | * | SECTION: A |
| LEO DAVIS; CARL DILLON; DAVID DIXON; | * | |
| CLEVELAND DYER;  LEE FOX; DARRYL | * | |
| FREEMAN; KELVIN FREEMAN; LARRY | * | |
| FREEMAN; KEVIN GAUTHIER; FRED GICE; | * | |
| LARRY GILMORE;  RAYFIELD GOINGS; | * | |
| JOHN GREEN; ALFREDDIE  GREENSBERRY; | * | JUDGE 3 |
| GEORGE HILLARD, JR.; MANNIE HENDERSON | * | |
| SAM HONORE; JOHNNY HUGGINS; | * | |
| MICHAEL JACKSON; JONAS JACOB; | * | |
| WENDOLYN JOHNSON; CLIFFORD KEMP; | * | |
| MICHAEL KYLES; HEBERT LAVERGNE; | * | |
| LINUS LAVERGNE; RONALD LETHERMON; SR.; | * | |
| SILVESTER LETHERMON SR; JAMES MILES; | * | |
| SAM PARKER; LIONEL RICHARD; DONALD | * | |
| ROBERTSON; ANGELA C. ROGERS; LARRY | * | |
| STONE;  WILLIE STONE; VERNON THOMAS; EARL | * | |
| TURNER;  ALFRED WALLACE; DORIS C. WHITE; | * | |
| JAMES WHITE; FREDERICK WICKER; AND | * | |
| TOMMIE WILLIAMS. | * | |
| | * | |
| VERSUS | * | MAGISTRATE |
| | * | |
| UNITED ASSOCIATION OF JOURNEYMEN AND | * | |
| APPRENTICES OF THE PLUMBING AND | * | |
| PIPEFITTING INDUSTRY OF THE UNITED STATES | * | |
| AND CANADA AFL-CIO, LOCAL 198; UNITED | * | |
| ASSOCIATION OF JOURNEYMEN AND | * | |
| APPRENTICES OF THE PLUMBING AND | * | JURY TRIAL REQUESTED |
| PIPEFITTING INDUSTRY OF THE UNITED | * | |
| STATES AND CANADA; LOUIS LaBLANC; | * | |
| AND JEFF ARMSTRONG | * | |

**********************************************************************

## CLASS ACTION COMPLAINT

NOW INTO COURT, through undersigned counsel, comes plaintiffs: CHARLES ADAMS;

CIJS, Summons

JERRY ADAMS; KENNY W. ADAMS; VERNON ASHFORD; MARY BARROW; KENNY BELL; DONALD BENNETT; LORECHIA BROWN; FRANK CAGE; JOSEPH CATHERINE; RITA CURRY; LEO DAVIS; CARL DILLON; DAVID DIXON; CLEVELAND DYER; LEE FOX; DARRYL FREEMAN; KELVIN FREEMAN; KEVIN GAUTHIER; FRED GICE; LARRY GILMORE; RAYFIELD GOINGS; JOHN GREEN; ALFREDDIE GREENSBERRY; GEORGE HILLARD, JR.; SAM HONORE; JOHNNY HUGGINS; MICHAEL JACKSON; JONAS JACOB; WENDOLYN JOHNSON; CLIFFORD KEMP; MICHAEL KYLES; HEBERT LAVERGNE; LINUS LAVERGNE; RONALD LETHERMON SR.; SILVESTER LETHERMON SR.; JAMES MILES; SAM PARKER; LIONEL RICHARD; DONALD ROBERTSON; ANGELA C. ROGERS; LARRY STONE; WILLIE STONE; VERNON THOMAS; EARL TURNER; ALFRED WALLACE; DORIS C. WHITE; JAMES WHITE; FREDERICK WICKER; and TOMMIE WILLIAMS; individually and on behalf of all other similarly situated persons, who respectfully represent that they and all other similarly situated persons have sustained compensable damages caused by the acts and omissions of Defendants or for which Defendants are legally responsible, as follows:

1.

## JURISDICTION

Jurisdiction is vested in this Honorable Court pursuant to 28 U.S.C. § 1331 and/or 28 U.S.C. § 1343, over all federal claims together with the supplemental jurisdiction of this Court pursuant 28 U.S.C. § 1367 to hear all claims cognizable under the laws of the State of Louisiana.

2.

## VENUE

Venue is proper in this Honorable Court pursuant 28 U.S.C. § 1391 (b).

3.

## PARTIES

PLAINTIFFS AND PROPOSED CLASS REPRESENTATIVES:

The plaintiffs and proposed class representatives are:

CHARLES ADAMS an African American major domiciled in the Parish of East Baton Rouge.

JERRY ADAMS an African American major domiciled in the Parish of East Baton Rouge.

KENNY W. ADAMS an African American major formerly domiciled in the Parish of East Baton Rouge.

VERNON ASHFORD an African American major domiciled in the Parish of Iberville.

MARY BARROW an African American major domiciled in the Parish of East Baton Rouge.

KENNY BELL an African American major formerly domiciled in the Parish of East Baton Rouge.

DONALD BENNETT an African American major domiciled in the Parish of East Baton Rouge.

LORECHIA BROWN an African American major domiciled in the Parish of East Baton Rouge

FRANK CAGE an African American major domiciled in the Parish of East Baton Rouge.

JOSEPH CATHERINE an African American major domiciled in the Parish of East Baton

3

Rouge.

RITA CURRY an African American major domiciled in the Parish of East Baton Rouge.

LEO DAVIS an African American major domiciled in the Parish of East Baton Rouge.

CARL DILLON an African American major domiciled in the Parish of East Baton Rouge.

DAVID DIXON an African American major domiciled in the Parish of East Baton Rouge.

CLEVELAND DYER an African American major domiciled in the Parish of East Baton Rouge.

LEE FOX an African American major domiciled in the Parish of East Baton Rouge.

DARRYL FREEMAN an African American major domiciled in the Parish of East Baton Rouge.

KELVIN FREEMAN an African American major domiciled in the Parish of East Baton Rouge.

LARRY FREEMAN an African American major domiciled in the Parish of East Baton Rouge.

KEVIN GAUTHIER an African American major domiciled in the Parish of East Baton Rouge.

FRED GICE an African American major domiciled in the Parish of East Baton Rouge.

LARRY GILMORE an African American major domiciled in the Parish of East Baton Rouge.

RAYFIELD GOINGS an African American major domiciled in the Parish of East Baton Rouge.

JOHN GREEN an African American major domiciled in the Parish of East Baton Rouge.

ALFREDDIE GREENSBERRY an African American major domiciled in the Parish of East

4

Baton Rouge.

MANNIE HENDERSON an African American major domiciled in the Parish of East Baton Rouge.

EORGE HILLARD, JR. an African American major domiciled in the Parish of Ascension.

SAM HONORE an African American major domiciled in the Parish of Pointe Coupee.

JOHNNY HUGGINS an African American major domiciled in the Parish of East Baton Rouge.

MICHAEL JACKSON an African American major domiciled in the Parish of East Baton Rouge.

JONAS JACOB, an African American major domiciled in the Parish of East Baton Rouge

WENDOLYN JOHNSON an African American major domiciled in the Parish of East Baton Rouge.

CLIFFORD KEMP an African American major domiciled in the Parish of Ascension.

MICHAEL KYLES an African American major domiciled in the Parish of East Baton Rouge.

HEBERT LAVERGNE an African American major domiciled in the Parish of East Baton Rouge.

LINUS LAVERGNE an African American major domiciled in the parish of East Baton Rouge.

RONALD LETHERMON SR. an African American major domiciled in the Parish of East Baton Rouge.

SILVESTER LETHERMON SR. an African American major domiciled in the Parish of East Baton Rouge.

5

JAMES MILES an African American major domiciled in the Parish of East Baton Rouge.

SAM PARKER an African American major domiciled in the Parish of East Baton Rouge.

LIONEL RICHARD an African American major domiciled in the Parish of East Baton Rouge.

DONALD ROBERTSON an African American major domiciled in the parish of East Baton Rouge.

ANGELA C. ROGERS an African American major domiciled in the Parish of East Baton Rouge.

LARRY STONE an African American major domiciled in the Parish of East Baton Rouge.

WILLIE STONE an African American major domiciled in the Parish of East Baton Rouge.

VERNON THOMAS an African American major domiciled in the Parish of East Baton Rouge.

EARL TURNER an African American major domiciled in the Parish of East Baton Rouge.

ALFRED WALLACE an African American major domiciled in the Parish of East Baton Rouge.

DORIS C. WHITE an African American major domiciled in the Parish of East Baton Rouge.

JAMES WHITE an African American major domiciled in the Parish of East Baton Rouge.

FREDERICK WICKER an African American major domiciled in the Parish of East Baton Rouge.

TOMMIE WILLIAMS an African American major domiciled in the Parish of East Baton Rouge.

4.

THE CLASS:

The proposed class consists of all African Americans who are or have been members of the Local 198; who have sought and been denied membership in the Local 198; who have been or are currently enrolled in the Local 198's apprenticeship program; or who have sought admittance and been denied admission to the Local 198's apprenticeship training program.

5.

DEFENDANTS:

1]      United Association of Journeymen and Apprentices of the Plumbing and Pipefitting Industry of the United States and Canada, Local 198 (herein above and hereinafter "Local 198") an unincorporated association, which is the local governing body of the United Association of Journeymen and Apprentices of the Plumbing and Pipefitting Industry of the United States and Canada. The Local 198 is a former corporate entity domiciled in East Baton Rouge Parish, State of Louisiana whose corporate rights were revoked by the Louisiana Secretary of State on November 11, 1997.

2]      United Association of Journeymen and Apprentices of the Plumbing and Pipefitting Industry of the United States and Canada, an association domiciled in Washington, D.C., as the national governing body of the Local 198.

3]      Louis LaBlanc, domiciled in Ascension Parish, who is the Business Manager of the Local 198 and responsible for handling all job assignments and orders for the Local 198.

4]      Jeff Armstrong, domiciled in Livingston Parish, who is the Union Organizer of the

7

Local 198 and assistant to Louis LaBlanc in handling job assignments and orders for the Local 198.

6.

COMMON FACTS:

The Local 198 consists of **2,700** non African American members and only **35** African American members or **1.3%** of the membership.

7.

The Local 198's apprenticeship training program includes **110** non African American students and **8** African American students or **7%** of the membership.

8.

African Americans make up approximately **30%** of the population the Baton Rouge Standard Metropolitan Statistical Area.

9.

Defendant, Local 198 segregates membership based upon race.

10.

The number of African Americans effected by the actions and omissions of the Defendant are estimated to be so numerous as to make joinder of all of them impracticable.

11.

The actual number of individuals who or which will elect to maintain their claims through this litigation will be better established after notification to all absentees that this action is pending.

12.

Most if not all of the injuries complained of herein were suffered within the jurisdiction of this Court.

8

13.

Defendant, Local 198, segregates job assignments by race.

14.

Defendant, Local 198, gives the most desirable job referrals to non African American members of the Local 198.

15.

Defendant, Local 198, gives the least desirable job referrals to African American members of the Local 198.

16.

Defendant, Local 198, gives the most strenuous job referrals to African American members of the Local 198, such as chain-fall jobs, rigging jobs, pulling-blind jobs, jobs requiring lifting without machines and jobs which utilize come-a-longs.

17.

Defendant, Local 198, lays off and/or causes lay offs of African American members of the Local 198 to employ and/or cause the employment non African American members of the Local 198.

18.

Defendant, Local 198, maintains an executive board comprised exclusively of non African Americans.

19.

Defendant, Local 198, maintains an executive board that refuses to appoint African American individuals to non-elected positions.

9

20.

Defendant, Local 198, maintains a hostile work environment to African Americans.

21.

Defendant, Local 198, maintains a work environment that fosters discrimination based upon race.

22.

Defendant, Local 198, maintains a hostile work environment by inviting a former member of the Ku Klux Klan and Founder of the NAAWP to campaign in the Union Hall and by authorizing the placement of racially charged bumper stickers to be affixed to car bumpers, helmets, and personal lunch containers.

23.

Defendants, Louis LaBlanc and Jeff Armstrong, refer to members of the Plaintiff class as "niggers."

24.

Defendant, Local 198, refers permanent positions to non African American members of the Local 198 while referring jobs of short duration to African American members of the Local 198.

25.

Defendant, Local 198, provides non African American members of the Local 198 with training for better paying jobs to the exclusion of African American members of the Local 198.

26.

Defendant, Jeff Armstrong, fails to pay African American individuals for their union organizing activities regardless of whether their names were or were not on the list of members who

took part in organizing activities, while paying white members of the Local 198 for their union organizing activities.

27.

Defendant Local 198, promotes the collecting of money to benefit non African American members of Local 198, whose relatives have died, while failing to do the same for African American members of Local 198.

28.

Defendant, Local 198, hires and/or causes to be hired relatives and friends of non African American members of the Local 198 to the exclusion of African American individuals.

29.

Defendant, Local 198, refuses to send African American members of Local 198 to conventions.

30.

Defendant, Local 198, breached the contract to represent dues paying African American members of Local 198 to the same extent representation is provided non African American members of Local 198.

31.

Defendant, Local 198, fails to recall African American members of Local 198 to jobs they previously held when new work is available at the site, while at the same time, Defendant, Local 198, recalls non African American members of Local 198 to jobs they previously held when new work is available.

32.

11

Defendant, Local 198, refuses to tell African American members of Local 198 of job openings while advising non African American members of the Local 198 of job openings.

33.

Defendant, Local 198, refuses to post job openings and/or available jobs to prevent African American members of Local 198 from learning of employment possibilities.

34.

Defendant, Local 198, permanently hires and/or causes to be hired non African American individual summer interns who are supposed to work only for one summer, to the exclusion of African American individuals.

35.

Defendant, Local 198, utilizes a welding test to exclude African American individuals from job assignments.

36.

Defendant, Local 198, utilizes policies which have not been reduced to writing to disadvantage African American Local 198 members and to advantage non African American Local 198 members.

37.

Defendant, Local 198, utilizes subjective and vague evaluations standards to disadvantage African American Local 198 members and to advantage of non African American Local 198 members.

38.

Defendant, Local 198, utilizes a pulmonary function test to exclude African American

12

individuals while not requiring non African Americans to take the same test.

39.

Defendant, local 198, refuses to allow African American members of the Local 198 to work non-union jobs while offering the same non-union jobs to non African American Local 198 members.

40.

Officials of defendant Local 198 retaliate against African American members of local 198 whom the Local 198 officials believe responsible for filing of complaints with the E.E.O.C.

41.

Officials of defendant Local 198 retaliated against James Miles, a plaintiff believed by Local 198 officials to be responsible for the filing of complaints with the E.E.O.C., by placing James Miles in a position to suffer serious injury or death, if he followed the instructions of his non African American foreman.

42.

Officials of defendant Local 198 retaliated against James Miles, a person believed by Local 198 officials to be responsible for the filing of complaints with the E.E.O.C., by warning James Miles to watch his back.

43.

Officials of defendant Local 198 retaliated against James Miles, a person believed by Local 198 officials to be responsible for the filing of complaints with the E.E.O.C., by causing James Miles to being laid off.

44.

Subsequent, to the E.E.O.C. complaint filing believed by Local 198 officials to have been

13

filed by James Miles, a non African American operator not affiliated with Local 198 commended James Miles on his knowledge, skills, and aptitude while a non African American foreman from Local 198 questioned James Miles knowledge, skills, and aptitude.

45.

Defendant, Louis LaBlanc, in retaliation against African Americans for filing complaints with the E.E.O.C. , has sworn "niggers will never run this union."

46.

Defendant, Louis LaBlanc, removed an African American from the apprentice board of Local 198, and replaced the African American with a non African American.

47.

Defendant, Local 198, tells African American Local 198 members that they are required to carry tools for non African American females.

48.

Defendant, local 198, fails to follow through on grievances filed by African American members of Local 198.

49.

Defendant, Louis LaBlanc, forges the name of African American Local 198 members on work order receipts to authorize a $1.00 per week assessment that is above and beyond consented to union dues.

50.

Defendant, Local 198, refuses to give African American members of the Local 198 work orders if they do not consent to the $1.00 per week assessment that is above and beyond consented to union dues.

14

51.

Defendant, Local 198, prevents African American members of the Local 198 from receiving work orders if African American members question or refuse to pay the Local 198 assessed death benefits, when an alleged member of the union allegedly dies.

52.

Defendant, Local 198, discriminates against African American Local 198 members when assigning Local 198 members to instructional positions at the Local 198's apprenticeship program.

53.

Defendant, Local 198, excludes African American Local 198 members from employment on pipelines.

54.

Defendant, Local 198, fails to have in place a policy that insures that the Local 198 is in fact an equal opportunity employer.

55.

Defendant, Local 198, gives and/or calls non African American Local 198 members to be assigned jobs by name disregarding the seniority of and/or the length of time since the last job worked by African American Local 198 members.

56.

Defendant, Local 198, gives and/or calls non African American Local 198 members to be assigned jobs by name disregarding the referral book.

57.

Defendant, Local 198, holds work orders until non African American Local 198 members are present to take the jobs, preventing African American Local 198 members, who were present

15

before any non African American Local 198 members arrived, from getting the job.

58.

Defendant, Local 198, tells African American Local 198 members that no jobs are available when in fact jobs are available and given to non African American Local 198 members.

59.

Defendant, Louis LaBlanc, refuses to inform African American members of Local 198, who worked out of town, that they were being recalled and were to report back to the out of town employer for work.

60.

Defendant, Local 198, tells African American Local 198 members that the only jobs available are out of town when, in fact, local jobs are available and given to non African American Local 198 members.

61.

Defendant, Local 198,  has given plumbing  assignments exclusively to non African American Local 198 members to the detriment of African American Local 198 members.

62.

Defendant, Local 198,  has given dynamic welding  assignments exclusively to non African American Local 198 members to the detriment of African American Local 198 members.

63.

Defendant, Local 198,  has given instrument tech assignments exclusively to non African American Local 198 members to the detriment of African American Local 198 members.

64.

Defendant, Local 198,  has given heating and air  assignments exclusively to non African

16

American Local 198 members to the detriment of African American Local 198 members.

65.

Defendant, local 198, prevents African American Local 198 members from working in the capacity as foreman/supervisors while giving these foreman/supervisors jobs to non African American Local 198 members.

66.

Defendant, Local 198, constantly allows African American Local 198 members to train non African American Local 198 members who then in turn become the supervisors of their former African American trainers.

67.

Defendant, Local 198, sends only non African American Local 198 members to fill job requests relayed by African American Local 198 members working out of town.

68.

Defendant, Local 198, allows out-of-town non African American and non-Local 198 members to be given foreman jobs over African American Local 198 members.

69.

Defendant, Local 198, tells African American Local 198 members about jobs only after non African American Local 198 members are told about jobs.

70.

Defeat, Local 198, lays off and/or causes the laying off of African American members of Local 198 if the Local 198 becomes aware that the African American member of the Local 198 has recently purchased and/or financed a new vehicle and/or immovable property.

17

71.

Defendant, Local 198, assigns African American Local 198 members journeyman status without sufficient training resulting in the insufficiently trained African American Local 198 members being below average in work production output. Defendant, Local 198, provides non African American Local 198 members sufficient training before assigning them journeyman status. Defendant, Local 198, will then use the African American Local 198 members below average work output, which the Local 198 artificially created, to lay off and/or cause the laying off of African American Local 198 members.

72.

Defendant, Local 198, assigns non African American Local 198 members office jobs to the exclusion of African American Local 198 members.

73.

Defendant, Local 198, utilizes polices which have not been reduced to writing to the disadvantage of African American individuals and to the advantage of non African American individuals.

74.

Defendant, Local 198, utilizes subjective and vague evaluation standards to the disadvantage of African American individuals to the advantage of non African American  individuals.

75.

The union attorney refuses to help African American Local 198 members with employment and contract disputes while lending assistance to non African American Local 198 members in similar situations.

76.

Defendant, Local 198, fails to provide African American members of Local 198 Galvanize pills, which prevent one from becoming ill when working on galvanized steel, while providing Galvanize pills to non African Americans.

77.

Defendant, Local 198, discriminates against African Americans in the admissions programs to the Local 198's apprenticeship training school.

78.

The claims of the proposed class representatives are typical of a cross section of the class and of the claims they seek to represent.

79.

COMMON QUESTIONS OF LAW AND FACT:

Defendant, the United Association of Journeymen and Apprentices of the Plumbing and Pipefitting Industry of the United States and Canada, knew or should have known of the discriminatory actions and omissions of the Local 198 and failed to remedy the situation created by the discriminatory actions and omissions of the Local 198.

80.

COMMON LIABILITY:

FIRST CLAIM FOR RELIEF

The actions and omissions of the Defendants violated the plaintiffs' civil rights pursuant the Civil Rights Act of 1866 (42 U.S.C. 1981).

19

81.

## SECOND CLAIM FOR RELIEF

Defendants, Louis LaBlanc and Jeff Armstrong conspired to violate the Plaintiffs' civil rights protected by 42 U.S.C. 1981 in violation of the Ku Klux Klan act (42 U.S.C. 1985).

82.

## THIRD CLAIM FOR RELIEF

Defendants violated La. R.S. 23:332 (C)(1) by excluding African American individuals due to their race from membership in the Local 198 and otherwise discriminating against African American individuals due to their race. Plaintiffs specifically invoke the supplemental (pendent) jurisdiction of this Court pursuant to 28 U.S.C. 1367 to hear and adjudicate this state law claim.

83.

## FOURTH CLAIM FOR RELIEF

Defendants violated La. R.S. 23:332 (C)(2) by failing and limiting to refer for employment African American Members of the Local 198 due to their race. Plaintiffs specifically invoke the supplemental (pendent) jurisdiction of this Court pursuant to 28 U.S.C. 1367 to hear and adjudicate this state law claim.

84.

## FIFTH CLAIM FOR RELIEF

Defendants violated La. R.S. 23:332 (D) by discriminating against African Americans individuals due to their race in the admission process to the Local 198's apprenticeship training program. Plaintiffs specifically invoke the supplemental (pendent) jurisdiction of this Court pursuant to 28 U.S.C. § 1367 to hear and adjudicate this state law claim.

85.

## SIXTH CLAIM FOR RELIEF

In the alternative, and only out of an abundance of caution, Plaintiffs aver that the acts and/or omissions of the Defendants complained of herein were the result of negligence, gross negligence, and/or willful and wanton negligence, and should damages not be recoverable under federal law for such negligence, plaintiffs specifically invoke the supplement (pendent) jurisdiction of this Court pursuant to 28 U.S.C. § 1367 to hear and adjudicate all state law claims and causes of action arising out of such negligence.

86.

The plaintiffs have filed a complaint with the E.E.O.C. and intend to amend this petition alleging violations of 42 U.S.C. § 2000e, et seq. to seek damages under all applicable provisions of Title VII of the Civil Rights act of 1964 as well as all applicable provisions of the Civil Rights act of 1991 inclusive of 42 U.S.C. § 1981a, once the E.E.O.C. issues a "right to sue" letter to the Plaintiffs.

87.

Plaintiffs aver that they are entitled to recover damages, including but not limited to, the following:

1]    loss of past, present, and future income;

2]    inconvenience;

3]    humiliation and embarrassment;

4]    pecuniary compensatory damages;

5]    non-pecuniary compensatory damages;

6]    mental stress and mental anguish; and

21

7]   any other relief which this Court deems appropriate and/or to which the Plaintiffs are entitled by law.

88.

In accordance with Federal Rules of Civil Procedure 23 (b)(2), Plaintiffs further pray that this Court declare that Defendants' past practices are racially discriminatory and that Defendants be forever enjoined from the discriminatory practices described herein.

89.

Plaintiffs specifically aver that they are entitled to compensatory damages, back pay, benefits, reinstatement, court costs and reasonable attorney's fees from the defendants pursuant La. R.S. 23:333 (A.)

90.

Plaintiffs further specifically aver that they are entitled to recover punitive damages from the Defendants, pursuant to 42 U.S.C. § 1988, in an amount reasonable in the premise to be determined by the jury or this Honorable Court.

91.

Plaintiffs further specifically aver that they are entitled to recover attorney fees and costs from the Defendants, pursuant to 42 U.S.C. § 1988, in an amount reasonable in the premise to be determined by jury or this Honorable Court.

92.

Plaintiffs aver that they are entitled to and hereby request a trial by jury.

93.

Upon information and belief, Plaintiffs aver that the Defendants, through their actions and omissions, are deliberately and/or passively indifferent to the Plaintiffs' civil rights such as to exceed

the ordinary bounds of acceptable behavior.

94.

Upon information and belief, and as will be more fully discovered in the course of this litigation, the actions and omissions of the Defendants named herein were part of a custom, policy, pattern and practice of the Defendants and were part of a series of actions which violated Plaintiffs' constitutional and/or statutory rights.

95.

CLASS ACTION IS SUPERIOR:

Many of the witnesses and much of the evidence supporting plaintiffs' claims may be found in the jurisdiction of this court.

96.

Concentrating this litigation in one forum will aid with judicial economy and efficiency and promote parity among the claims of individuals class members as well as judicial consistency.

97.

Plaintiffs will fairly and adequately represent and protect the interest of all members of the described class.

98.

Plaintiffs counsel are experienced in prosecuting class action litigation and will fairly and adequately represent and protect the interest of all members of the described class.

99.

The common facts to be established herein are applicable to certain theories of law which validate the liability of the Defendants to the class for all damages arising from the actions and omissions of the Defendant set out herein above.

100.

A class action is superior to other methods for the fair and efficient adjudication of this litigation, since individual joinder of all members of the class is impracticable and would unduly burden the Courts in which the individual litigation would proceed.

101.

Individual litigation magnifies the delay and expense to all parties in the Court system in the resolution of the controversies engendered by the defendant. By contrast, the class action device presents far and fewer management difficulties and provides the benefits of unitary adjudication, economies of skill and effort, and comprehensive supervision by a single Court.

102.

Accordingly, class certification is appropriate under the Federal Rules of Civil Procedure 23 (a), (b)(2), (b)(3) and/or (e) and the class action vehicle is the superior method for handling this litigation.

103.

The question of law and fact arising out of claims made by the plaintiffs herein, individually, and on behalf of the proposed class are common and include but are not limited to establishing the allegations of facts found below, which are common to the proposed class.

WHEREFORE, plaintiffs, on behalf of themselves and all those similarly situated, respectfully pray that the Defendants be cited to appear and answer for the wrongs to plaintiffs and to all others similarly situated as described herein, that this action be certified for class action proceedings, that this action be tried before a jury, that the plaintiffs be properly noticed of all hearings and dates, and that after due proceedings herein that the defendant be cast in judgment unto plaintiffs for damages, cost, interest, and attorney fees as maybe allowed by law or under any theory

24

of law as expressly pled herein or as may be applicable to the facts pled herein or as they may

develop and be presented during the trial of this matter.

Respectfully submitted:

By: _____

Philip M. Bradley *T.A.*
Bar Roll #19284
George E. Downing, Jr.
Bar Roll #18589
**Bradley & Downing**
263 Third St, Suite 408
Baton Rouge, LA 70801
(504) 344-5297

By: _____

Donna Grodner
Bar Roll #20840
Holmes Cooper
Bar Roll #24350
**Grodner & Associates**
6513 Perkins Road
Baton Rouge, LA 70808
(504) 766-1100

FILED
U.S. DIST. COURT
MIDDLE DIST. OF LA.

**UNITED STATES DISTRICT COURT**

**MIDDLE DISTRICT OF LOUISIANA** MAY 14  AM 10: 26

SIGN_____
RICHARD T. MARTIN
CLERK

ERIC BROWN                                    CIVIL ACTION

VERSUS

BURL CAIN                                     NO. 98-161-B-M2


### WRITTEN OBJECTIONS TO THE MAGISTRATE JUDGE'S
### REPORT AND RECOMMENDATION


MAY IT PLEASE THE COURT:

Now Into Court comes petitioner, ERIC BROWN, who respectfully objects to the Magistrate Judge's Report and Recommendation rendered on April 30, 1998; which petitioner received May 5, 1998.

1.    Petitioner objects to the Magistrate Judge's conclusion that evidence which was suppressed and not disclosed would not have affected the outcome of the trial.

2.    Petitioner objects to the Magistrate Judge's conclusion that the evidence used to convict him was not perjured testimony.

3.    Petitioner objects to the Magistrate Judge's conclusion that the hearing on the post-conviction was adequate.

4.    Petitioner objects to the Magistrate Judge's conclusion that he received effective assistance of counsel.

Respectfully submitted,

*Eric Brown*

Eric Brown #117131
Camp J, Cuda
Louisiana State Prison

Done this  12  day of May, 1998.
Angola, LA 70712                    000169

ACTION INITIALS DOCKET #



3:98-cv-00161 15 - 1

c: CN, DM

DATE: 05/14/98                    DEPUTY CLERK: dcap