# UNITED STATES DISTRICT COURT

# MIDDLE DISTRICT OF LOUISIANA

CHARLES ADAMS, ET AL.                        CIVIL ACTION

VERSUS                                    NO. 98-400-JWD- RLB

UNITED ASSOCIATION OF
JOURNEYMEN AND APPRENTICES
OF THE PLUMBING AND PIPEFITTING
INDUSTRY OF THE UNITED STATES AND
CANADA, AFL-CIO, LOCAL 198, ET AL.

## RULING

      This matter comes before the Court on a *Motion to Amend Ruling* by Defendant, United Association of Journeymen and Apprentices of the Plumbing and Pipefitting Industry of the United States and Canada, AFL-CIO, Local 198, ("Local 198" or "Defendant"), (Doc. 702), which Local 198 subsequently *moved to strike*, in part, (Doc. 720). Plaintiffs opposed Local 198's motion. (Doc. 714). Also, before the Court is Plaintiffs' *Omnibus Motion for Reconsideration*. (Doc. 717). Local 198 opposed Plaintiffs' motion. (Doc. 724). Plaintiffs filed a reply. (Doc. 725). Oral argument is not necessary. The Court has carefully considered the law, the facts in the record, and the arguments and the submissions of the parties and is prepared to rule. For the following reasons, Defendant's Motion to Amend Ruling is granted in part and denied in part; Defendant's Motion to Strike Motion to Amend Ruling is granted; and Plaintiffs' Omnibus Motion for Reconsideration is denied.

## I.    Procedural Background

      The Court ruled on Local 198's motion for summary judgment based on the timeliness of some of the Plaintiffs' claims, (Doc. 639), on July 18, 2019. (Doc. 700). In response to this ruling, Local 198 filed a motion to amend the ruling. (Doc. 702). Plaintiffs also filed a series of motions

for reconsideration, (Docs. 705, 707, 708, 709, 711 and 712), which were dismissed without prejudice, and Plaintiffs were ordered to file one omnibus motion for reconsideration. (Doc. 715). Plaintiffs complied with the order and filed an omnibus motion for reconsideration on August 10, 2019. (Doc. 717). Also relevant to the motions presently before the Court is Local 198's motion to strike a portion of its motion to amend the ruling on its motion for summary judgment. (Doc. 720).

## II.     Relevant Standard – Motion to Amend/Motion for Reconsideration

While the Federal Rules of Civil Procedure do not formally recognize the existence of motions for reconsideration (*e.g., Van Skiver v. United States*, 952 F.2d 1241, 1243 (10th Cir. 1991)), courts customarily consider such motions under Rule 60(b) or Rule 59(e). *Fuller v. M.G. Jewelry*, 950 F.2d 1437, 1442 (9th Cir. 1991). Rule 59(e) of the Federal Rules of Civil Procedure allows a party to move to alter or amend a judgment within twenty-eight (28) days of its entry. Fed. R. Civ. Proc. 59(e).

District courts have considerable discretion in deciding whether to grant a Rule 59(e) motion. *Edward H. Bohlin Co., Inc. v. Banning Co., Inc.,* 6 F.3d 350, 355 (5th Cir. 1993). The factors to be considered in a Rule 59(e) analysis are: (1) the judgment is based upon a manifest error of fact or law; (2) newly discovered or previously unavailable evidence exists; (3) the initial decision was manifestly unjust; (4) counsel engaged in serious misconduct; and (5) an intervening change in law alters the appropriate outcome. *Livingston Downs Racing Ass'n, Inc. v. Jefferson Downs Corp.*, 259 F.Supp.2d 471, 475-76 (M.D. La. 2002) (citing *Metairie Bank & Trust Co. v. Payne*, 2000 WL 979980 (E.D. La. July 17, 2000); *Campbell v. St. Tammany Parish School Bd.*, 1999 WL 777720 (E.D. La. Sept. 29, 1999)). However, a motion for reconsideration is an extraordinary remedy and should be used sparingly in the interest of finality and conservation of

judicial resources. *Carroll v. Nakatani*, 342 F.3d 943, 945 (9th Cir. 2003). The court should deny a motion for reconsideration when the movant rehashes legal theories and arguments that were raised or could have been raised before the entry of the judgment. *See Templet v. HydroChem Inc.*, 367 F.3d 473, 478-79 (5th Cir. 2004). A motion for reconsideration does not support old arguments that are reconfigured. *Resolution Trust Corp. v. Holmes*, 846 F.Supp. 1310, 1316, n.18 (S.D. Tex. 1994). Mere disagreement with a prior ruling does not support a Rule 59(e) motion. *See e.g., Hutchinson v. Staton*, 994 F.2d 1076, 1082 (4th Cir. 1993).

Courts in the Fifth Circuit are directed to take motions under Rule 59(e) seriously. Two cases note that Rule 59(e) does not place any particular limitations upon the possible grounds for relief. *Ford v. Elsbury*, 32 F.3d 931, 937 (5th Cir. 1994); *Lavespere v. Niagara Mach. & Tool Works, Inc.*, 910 F.2d 167, 174 (5th Cir. 1990), *cert. denied*, 510 U.S. 859, 114 S.Ct. 171, 126 L.Ed.2d 131 (1993), *abrogated on other grounds by Little v. Liquid Air Corp.*, 37 F.3d 1069 (5th Cir. 1994)(*en banc*). The Court notes the Fifth Circuit's general principle that "the district court must strike a proper balance between two competing interests: 'the need to bring litigation to an end and the need to render just decisions.'" *Ford v. Elsbury*, 32 F.3d at 937 (quoting *Lavespere, supra*).

## III.     Local 198's Motion to Amend Ruling (Doc. 702)[1]

Local 198's motion asks the Court to reconsider that part of this Court's prior ruling, (Doc. 700), where the Court allowed certain Plaintiffs to piggyback their Title VII claims upon those by Plaintiff Lee Fox and/or Plaintiff Earnest Ford. (Doc. 702). Specifically, this Court previously found that Fox's Title VII claims were untimely. (Doc. 700, pp. 49-50). Local 198 argues that

---

[1] Local 198's motion is titled, "Defendant's Motion to Amend Ruling". (Doc. 702). However, its memorandum in support of its motion is entitled, "Memorandum in Support of Defendant's Motion to Alter Ruling". (Doc. 702-1). The Court's understanding is that Local 198 is bringing one motion under Rule 59(e), seeking to "alter or amend" this Court's prior ruling on Local 198's motion for summary judgment. Fed. R. Civ. Proc. 59(e).

those Plaintiffs who attempted to piggyback upon Fox's Title VII claims should also have their Title VII claims dismissed as untimely.  (Doc. 702).

Plaintiffs oppose Local 198's motion.[2]  (Doc. 714).  Plaintiffs incorporate by reference the arguments they made in two of their original motions for reconsideration.  (Docs. 705 and 707).  Specifically, Plaintiffs argue that Fox's Title VII claims were, in fact, timely; therefore, Plaintiffs should be allowed to piggyback upon Fox's Title VII claims to render their own claims timely.  (Doc. 707).  Even if Fox's Title VII claims are untimely, Plaintiffs argue that there are Plaintiffs other than Fox upon whose claims Plaintiffs may piggyback in order to render their claims timely.  (Doc. 705).

For the reasons more fully set forth below in the section addressing Plaintiffs' Omnibus Motion for Reconsideration, the Court rejects Plaintiffs' arguments, primarily because Plaintiffs did not raise them in opposition to the underlying motion for summary judgment and could have done so.  (Docs. 646, 648, 687, 688, 692).  Local 198, in its motion to strike motion to amend ruling, also noted that Plaintiffs "raised an issue that they never raised in their opposition".  (Doc. 720-1, p. 1 (citing Rec. Doc. 645)). Plaintiffs are making these arguments for the first time after the entry of judgment.  The law does not support consideration of arguments that could have been raised before the entry of judgment on reconsideration.  *See Templet*, 367 F.3d at 478-79.

The Court now turns to address the Title VII claims of which Local 198 seeks reconsideration.

---

[2] Curiously, Plaintiffs seem to admit that the Court's prior ruling that certain Plaintiffs could piggyback upon Fox's untimely Title VII claim was "erroneous".  (Doc. 717-2, p. 2 ("Many other claims were allowed to piggy-back on this claim [Fox's claim], which erroneous finding may jeopardize other claims.")).  Yet, Plaintiffs oppose Defendant's motion.

**A.** **Frank Cage; Yvonne Catherine (heir to Joseph Catherine); Umeca O'Conner (heir to Joseph Catherine); Corey Catherine (heir to Joseph Catherine); Leo Davis; Kevin Gauthier; Larry Gilmore; and Michael Jackson**

Local 198 first argues that because Plaintiff Fox's Title VII claims were not timely, then certain Plaintiffs should not be allowed to piggyback upon Fox's untimely claims, thus rendering those Plaintiffs' Title VII claims also untimely. (Doc. 702-1, p. 1).

In its ruling on Local 198's motion for summary judgment regarding the timeliness of certain Plaintiffs' claims, the Court considered the timeliness of Plaintiff Lee Fox's Title VII claims and found that these claims were untimely because Fox filed his EEOC charge almost three years after filing suit and, therefore, did not exhaust his administrative remedies before filing suit. (Doc. 700, p. 50). Fox's claims under Title VII were dismissed with prejudice. (*Id.*).

In the same ruling, the Court considered the timeliness of various other Plaintiffs' Title VII claims. The timeliness of these certain Plaintiffs' Title VII claims was dependent upon piggybacking upon Plaintiff Fox's Title VII claims. The Court ruled that the following Plaintiffs' Title VII claims were timely based on piggybacking on Fox's Title VII claims: Frank Cage, (Doc. 700, pp. 31-35); Yvonne Catherine (heir to Joseph Catherine), (Doc. 700, pp. 35-38); Umeca O'Conner (heir to Joseph Catherine), (Doc. 700, p. 38); Corey Catherine (heir to Joseph Catherine), (Doc. 700, p. 38); Leo Davis, (Doc. 700, pp. 41-44); Kevin Gauthier, (Doc. 700, pp. 58-60); Larry Gilmore, (Doc. 700, pp. 60-63); and Michael Jackson, (Doc. 700, pp. 65-67). This ruling was in error. Because Fox's Title VII claims were found to be untimely, these certain Plaintiffs' Title VII claims are also untimely. Plaintiffs may only piggyback upon a timely filed Title VII claim. *Price v. Choctaw Glove*, 459 F.3d 595, 598 (5th Cir. 2006); *Frank v. Xerox Corp.*, 347 F.3d 130, 136 (5th Cir. 2003).

Also, Plaintiffs Cage, the Catherine heirs, Davis, Gauthier, Gilmore, and Jackson, were all named as Plaintiffs in the original Complaint filed on May 1, 1998. Therefore, it would be futile for the Court to consider whether they may piggyback their Title VII claims upon Plaintiff Ford's Title VII claims, as Ford was not named until the First Amended Complaint, filed on July 27, 2001. In other words, Ford's suit did not exist on May 1, 1998, for those Plaintiffs to piggyback upon it.

Under Rule 59(e), the Court finds that its prior ruling on Local 198's motion for summary judgment was manifestly erroneous in part. *See, e.g., Eckhardt v. Qualitest Pharmaceuticals, Inc.*, 889 F.Supp.2d 901 (S.D. Tex. Aug. 9, 2012)("'Manifest error' is one that 'is plain and indisputable…'".). The Court erroneously allowed Plaintiffs Cage, the Catherine heirs, Davis, Gauthier, Gilmore, and Jackson, to piggyback upon the untimely Title VII claims of Plaintiff Fox. Also, reconsideration of this Court's prior ruling would not be futile, as the Court is able to correct its error. *See Ferraro v. Liberty Mut. Fir Ins. Co.*, 796 F.3d 529, 534 (5th Cir. 2015)(A motion to reconsider under Rule 59(e) should be granted only if the facts discovered are of such a nature that they would probably change the outcome.). Therefore, the Court grants Local 198's motion to amend its ruling, and having reconsidered its ruling in this regard, the Court amends its ruling to find that the Title VII claims of the following Plaintiffs are untimely and, therefore, <u>dismissed with prejudice</u>: Frank Cage; Yvonne Catherine (heir to Joseph Catherine); Umeca O'Conner (heir to Joseph Catherine); Corey Catherine (heir to Joseph Catherine); Leo Davis; Kevin Gauthier; Larry Gilmore; and Michael Jackson.

**B.    John Green**

Local 198 also seeks to amend the Court's prior ruling to dismiss the Title VII claims of Plaintiff John Green for the same reasons as stated immediately above. However, Local 198's motion for summary judgment was denied as to Green's Title VII claims because the Court found

a genuine issue of material fact as to whether Green had filed an EEOC charge of his own. (*See* Doc. 700, pp. 64-65). Green's Title VII claims were not found to be timely based on the application of the piggyback rule and/or Fox's Title VII claims. Therefore, the Court maintains its prior ruling regarding Green's Title VII claims. Green's claims under Title VII remain pending.

### C.    Joseph Collins, Earnest Johnson, Carl Judson, and Ivan Morgan

Local 198 also moves the Court to amend its ruling regarding the Title VII claims of Plaintiffs Joseph Collins, Earnest Johnson, Carl Judson, and Ivan Morgan. (Doc. 702-1, p. 3). Local 198 argues that these four Plaintiffs filed suit on July 27, 2001, in the First Amended Complaint and should not be allowed to piggyback upon Fox's untimely Title VII claims. Local 198 is correct that these four Plaintiffs cannot have timely Title VII claims that are dependent upon piggybacking on Fox's untimely Title VII claims. For that reason, as is explained more fully above, it was erroneous for the Court to find that these four Plaintiffs' Title VII claims were timely. However, because these Plaintiffs filed suit at the same time as Plaintiff Ford, whose Title VII claims were found to be timely, these Plaintiffs may be allowed to piggyback upon Ford's claims. The Court did not analyze whether these four Plaintiffs' Title VII claims could piggyback upon Ford's claims in its prior ruling, and the Court endeavors to do so now in the interest of correcting its prior ruling and a just result.

### 1.    Joseph Collins

Collins is a named Plaintiff in the First Amending Complaint filed on July 27, 2001. (Doc. 227). Collins has not given his deposition. He completed a questionnaire, dated October 26, 1998, and he responded "no" to every question regarding potential claims of discriminatory acts related to Local 198. (Doc. 639-2 at p. 23, citing Doc. 639-49). However, Collins confirmed that he was a member of Local 198, (Doc. 639-49 at p. 9); that he was the "second black man to join Local

198", (Doc. 639-49 at p. 12); that he believes employers (not Local 198) were responsible for the alleged discrimination, (Doc. 639-49 at p. 10); that some of the Local 198 members "did dislike blacks", (Doc. 639-49 at p. 12); that supervisors "recalled who they pleased", (Doc. 639-49 at p. 12); and that blacks were never considered for the supervisor positions. (Doc. 639-49 at p. 12). No dates were provided. Collins has not filed an EEOC charge. (Doc. 639-49).

Plaintiffs opposed Defendant's motion and argued that Defendant should not be able to argue that Collins has not provided any dates when Defendant is in control of membership information. (Doc. 648 at p. 17). Plaintiffs make no mention of the lack of dates of discrimination. Collins argues that he "is entitled to use the continuous acts or racial discrimination by the Local 198 that went abatement [sic] since he joined as the second black man and he may also use the piggy-back rule." (Doc. 648 at pp. 17-18).

The record offered on summary judgment does not reflect any specific dates of alleged discriminatory acts. The Court notes that Collins' questionnaire is dated October 26, 1998; therefore, the alleged acts presumably occurred before that date. Significantly, Collins states in his questionnaire that he does not have any proof that Local 198 has a general practice of discrimination, (Doc. 687-49 at p. 2), and that he does not claim to have been subjected to a hostile workplace environment. (Doc. 687-49 at p. 6). The Court recognizes that Plaintiffs generally argue a continuous, unabated practice of racial discrimination before and after the filing of suit, (Doc. 648 at p. 6, citing Doc. 648-1, 648-2, 648-3, 648-4); however, Collins does not offer evidence and complaints in any timeframe, and he denies a general practice of discrimination or hostile work environment. The same holds true for the two charges filed with the EEOC by Lee Fox (Doc. 639-23) and Earnest Ford (Doc. 639-52) upon which Collins presumably wishes to "piggyback". Both charge Local 198 with class-wide racial discrimination from January 1998

until as late as May 24, 2001. (Doc. 639-52). Collins denies general practices of discrimination and a hostile work environment, which calls the content of the EEOC charges into question regarding applicability to Collins. Collins' claims cannot be lumped together with the general claims of ongoing alleged discrimination simply to save his claims by the continuing violation doctrine. *Boyd v. Trinity Industries, Inc.,* Civ. A. 14-469, 2015 WL 3969464, at *2 (M.D. La. June 30, 2015); *Pegram v. Honeywell, Inc.*, 361 F.3d 272, 280 (5th Cir. 2004).

Regarding Collins' claims of racial discrimination under Title VII, it is undisputed that Collins did not file a charge with the EEOC. Rather, Collins attempts to prove exhaustion of administrative remedies and timely filing of suit by "piggybacking" upon charges filed by others. Ford's charge reflects complaints of racial discrimination by Local 198 from January 1998 to May 24, 2001. Ford claims that he was "continuously" subjected to unequal treatment, specifically regarding "call-outs" and "call-backs". (Doc. 639-52). Collins has not made a showing that he is "similarly situated" to Ford. *See Price*, 459 F.3d at 598-99. Collins makes claims of racial discrimination generally and in recalls, but there is no evidence of specifically being subjected to unequal treatment regarding "call-outs" and "call-backs" as Ford complained or of being a member of Local 198 in 1998-2001. While Ford's charge may be interpreted to include notice of a collective or class-wide nature (i.e., "Blacks, as a class, are similarly discriminated against on a continuous basis," Doc. 639-52 at p. 1) and Ford filed suit as a plaintiff named in the first amending complaint, (Doc. 227), there is no evidence that Collins meets the first condition to invoke the single filing rule. *See Price*, 459 F.3d at 598-99. Because Collins does not meet the requirements for the single file rule or "piggyback" rule, there is no record of an EEOC charge filing to render Collins' filing of his Title VII claims timely.

Based on the foregoing, all claims under Title VII by Joseph Collins are <u>dismissed with</u> <u>prejudice</u> based on untimeliness.

### 2. Earnest Johnson

Johnson is a named Plaintiff in the First Amending Complaint filed on July 27, 2001. (Doc. 227). It is undisputed that Johnson was a member of Local 198 at the time of his 2002 deposition; however, Johnson testified that his complaints of "being laid off before other people", "getting the dirtiest jobs" and "being called racially derogatory terms" took place before December 4, 1998. (Doc. 639-2 at p. 30, citing Doc. 639-56 at pp. 21-22, 61, 63-65, 95-96). Johnson has not filed an EEOC charge. (Doc. 639-2 at p. 30).

Plaintiffs opposed Defendant's motion and argued that Johnson's complaints of "layoffs, getting the dirtiest jobs, and racial epithets" were not complaints against Local 198 and should not be used to argue prescription. (Doc. 646 at p. 4). Instead, Johnson argues that Local 198 exercised "unfair work practices", specifically regarding recalls by new companies to the area. (Doc. 646 at p. 4, citing Doc. 646-1 at pp. 5-7). No dates were provided. In reply, Defendant insists that Johnson's testimony regarding these alleged acts is that they all occurred before the date of his questionnaire, December 4, 1998. (Doc. 654 at p. 10, citing Doc. 639-56 at pp. 95-96 (reflecting Johnson's testimony that all complaints of alleged discrimination occurred before he signed and dated the questionnaire on December 4, 1998)).

The summary judgment evidence reflects that alleged discriminatory acts occurred before December 1998. The Court recognizes that Plaintiffs generally argue a continuous, unabated practice of racial discrimination before and after the filing of the original suit on May 1, 1998, (Doc. 648 at p. 6, citing Doc. 648-1, 648-2, 648-3, 648-4); however, Johnson offers evidence and complaints in different timeframes specific to him. The two charges filed with the EEOC by Lee

Fox (Doc. 639-23) and Earnest Ford (Doc. 639-52) upon which Johnson presumably wishes to "piggyback" both charge Local 198 with class-wide racial discrimination from January 1998 until as late as May 24, 2001. (Doc. 639-52). Johnson testified to "unfair work practices"; however, he also testified that this occurred before December 1998. Johnson's claims cannot be lumped together with the general claims of ongoing alleged discrimination simply to save his claims by the continuing violation doctrine. *Boyd*, 2015 WL 3969464, at *2; *Pegram*, 361 F.3d at 280.

Regarding Johnson's claims of racial discrimination under Title VII, it is undisputed that Johnson did not file a charge with the EEOC. Rather, Johnson attempts to prove exhaustion of administrative remedies and timely filing of suit by "piggybacking" upon charges filed by others. Ford's charge reflects complaints of racial discrimination by Local 198 from January 1998 to May 24, 2001. Ford claims that he was "continuously" subjected to unequal treatment, specifically regarding "call-outs" and "call-backs". (Doc. 639-52). Johnson has not made a showing that he is "similarly situated" to Ford. *See Price*, 459 F.3d at 598-99. Johnson has alleged that he experienced unfair practices due to being denied recall. (Doc. 646 at p. 4, citing Doc. 646-1 at pp. 5-7). Johnson testified that the alleged activity occurred before December 1998. (Doc. 639-56 at pp. 95-96). There is no evidence of specifically being subjected to unequal treatment regarding "call-outs" and "call-backs" as Ford complained or of being a member of Local 198 in 1998-2001. While Ford's charge may be interpreted to include notice of a collective or class-wide nature (i.e., "Blacks, as a class, are similarly discriminated against on a continuous basis," Doc. 639-52 at p. 1) and Ford filed suit as a plaintiff named in the First Amending Complaint, (Doc. 227), there is no evidence that Johnson meets the first condition to invoke the single filing rule. *See Price*, 459 F.3d at 598-99. Because Johnson does not meet the requirements for the single file

rule or "piggyback" rule, there is no record of an EEOC charge filing to render Johnson's filing of his Title VII claims timely.

Based on the foregoing, Earnest Johnson's Title VII claims are <u>dismissed with prejudice</u>.

### 3. Carl Judson

Judson is a named Plaintiff in the First Amending Complaint filed on July 27, 2001. (Doc. 227). Judson entered the apprenticeship training in 1982, completed training in 1986, and has been a member of Local 198 since that time. (Doc. 639-2 at p. 30, citing Doc. 639-57 at p. 12). Judson has not filed an EEOC charge. (Doc. 639-2 at p. 30, citing Doc. 639-57 at p. 16). Judson testified to working from 1999-2002, (Doc. 639-57 at p. 17); blacks being the first to be laid off from Borden in the 1980's, (Doc. 639-57 at pp. 23-28); racial slurs and graffiti in the workplace, (Doc. 639-57 at pp. 31-33, 70-72); unequal training opportunities, (Doc. 639-57 at pp. 56-59); and failure to "get recalls" in the 1980's, (Doc. 639-57 at p. 75). He testified that he last worked with Local 198 in 1991. (Doc. 639-2 at p. 31, citing Doc. 639-57 at p. 99).

Plaintiffs opposed Defendant's motion and agreed with Defendant's representations of Judson's testimony above. Judson also argues that he "declares" that while working at Hall's Mortuary in 1999-2002, that he "went by the union two-three times a month, including the year before suit was filed". While he was at the union, he would "hear about jobs" but not see them posted. He does not know if these jobs "went to whites" without discovery. While Judson does not cite to record evidence in support of these representations, the Court is aware of an unsigned declaration reflecting these representations. (Doc. 646-1 at p. 9). Because the declaration is not signed or authenticated, it is hearsay and shall not be considered by this Court on summary judgment. *See Smith v. Baton Rouge Radiology Group*, 2013 WL 4782142, *3 (M.D. La. Sept. 5, 2013).

The summary judgment evidence reflects that alleged discriminatory acts occurred in the 1980's and up to 1991. There are other allegations of discriminatory acts without any showing of a time period. There is testimony of Judson working from 1999-2002; however, it is unclear whether this was through Local 198 or not. The Court recognizes that Plaintiffs generally argue a continuous, unabated practice of racial discrimination before and after the filing of the original suit on May 1, 1998, (Doc. 648 at p. 6, citing Doc. 648-1, 648-2, 648-3, 648-4); however, Judson offers evidence and complaints in different timeframes specific to him. The two charges filed with the EEOC by Lee Fox (Doc. 639-23) and Earnest Ford (Doc. 639-52) upon which Judson presumably wishes to "piggyback" both charge Local 198 with class-wide racial discrimination from January 1998 until as late as May 24, 2001. (Doc. 639-52). Judson testified that all acts occurred by 1991; however, he also testified to working from 1999-2002.

Regarding Judson's claims of racial discrimination under Title VII, it is undisputed that Judson did not file a charge with the EEOC. Rather, Judson attempts to prove exhaustion of administrative remedies and timely filing of suit by "piggybacking" upon charges filed by others. Ford's charge reflects complaints of racial discrimination by Local 198 from January 1998 to May 24, 2001. Ford claims that he was "continuously" subjected to unequal treatment, specifically regarding "call-outs" and "call-backs". (Doc. 639-52). There is no evidence of specifically being subjected to unequal treatment regarding "call-outs" and "call-backs" as Ford complained. While Ford's charge may be interpreted to include notice of a collective or class-wide nature (i.e., "Blacks, as a class, are similarly discriminated against on a continuous basis," Doc. 639-52 at p. 1) and Ford filed suit as a plaintiff named in the First Amending Complaint, (Doc. 227), there is no evidence that Judson meets the first condition to invoke the single filing rule. *See Price*, 459 F.3d at 598-99. Because Judson does not meet the requirements for the single file rule or

"piggyback" rule, there is no record of an EEOC charge filing to render Judson's filing of his Title VII claims timely.

Based on the foregoing, Carl Judson's Title VII claims are <u>dismissed with prejudice</u>.

### 4. Ivan Morgan

Morgan is a named Plaintiff in the First Amending Complaint filed on July 27, 2001. (Doc. 227). Morgan has not given his deposition. He completed a questionnaire, and he did not provide any dates regarding potential claims of discriminatory acts related to Local 198. (Doc. 639-2 at p. 31, citing Doc. 639-58). In his questionnaire, Morgan represents the following: that he was denied employment with Local 198 for discriminatory reasons, (Doc. 639-58 at p. 2); that he was discriminated against regarding job referrals, (Doc. 639-58 at p.5); and that he was not recalled due to discrimination, (Doc. 639-58 at p. 7). Morgan does not have any proof of a general policy or practice of discrimination. (Doc. 639-58 at p. 2).

Plaintiffs opposed Defendant's motion and argued that Defendant did not provide dates of membership "as they should have" and because Local 198 already "produced them, the Local is not letting us have access to them on summary judgment". (Doc. 648 at p. 19). Morgan adds that he did not receive referrals due to racial discrimination. (Doc. 648 at p. 19, citing Doc. 639-58 at pp. 2, 5, 7, 10, 12-13).

In their supplemental opposition, Plaintiffs offered member biographic information produced by Defendant in discovery which purports to show that Morgan was a member of Local 198 in 2000 and 2001, and his original initiation date was 1991. (Doc. 687 at p. 8, citing Doc. 687-11). Plaintiffs also argue that in the questionnaire, "Mr. Gatlin indicated he was not getting call backs or call outs and that blacks were not being placed in supervisory positions due to racial discrimination". (Doc. 687 at p. 8). The Court believes "Mr. Gatlin" is likely a typographical

error, but the Court reviewed Morgan's questionnaire, and it does not reflect this reference.  (Doc. 639-58).

The record offered on summary judgment does not reflect any dates of alleged discriminatory acts.  Significantly, Morgan states in his questionnaire that he does not have any proof that Local 198 has a general practice of discrimination, (Doc. 639-58 at p. 2).  The Court recognizes that Plaintiffs generally argue a continuous, unabated practice of racial discrimination before and after the filing of suit, (Doc. 648 at p. 6, citing Doc. 648-1, 648-2, 648-3, 648-4); however, Morgan does not offer evidence and complaints in any timeframe, and he denies a general practice of discrimination.  The same rationale holds true for the two charges filed with the EEOC by Lee Fox (Doc. 639-23) and Earnest Ford (Doc. 639-52) upon which Morgan presumably wishes to "piggyback".  Both charge Local 198 with class-wide racial discrimination from January 1998 until as late as May 24, 2001.  (Doc. 639-52).  Although Morgan was a member in 2000 and 2001, Morgan denies general practices of discrimination, which calls the content of the EEOC charges into question regarding applicability to Morgan.  Morgan's claims cannot be lumped together with the general claims of ongoing alleged discrimination simply to save his claims by the continuing violation doctrine.  *Boyd*, 2015 WL 3969464, at *2; *Pegram*, 361 F.3d at 280.

Regarding Morgan's claims of racial discrimination under Title VII, it is undisputed that Morgan did not file a charge with the EEOC.  Rather, Morgan attempts to prove exhaustion of administrative remedies and timely filing of suit by "piggybacking" upon charges filed by others.  Ford's charge reflects complaints of racial discrimination by Local 198 from January 1998 to May 24, 2001.  Ford claims that he was "continuously" subjected to unequal treatment, specifically regarding "call-outs" and "call-backs".  (Doc. 639-52).   Morgan must make a showing that he is

"similarly situated" to Ford. *See Price*, 459 F.3d at 598-99. There is no reliable evidence of specifically being subjected to unequal treatment regarding "call-outs" and "call-backs" as Ford complained. While Ford's charge may be interpreted to include notice of a collective or class-wide nature (i.e., "Blacks, as a class, are similarly discriminated against on a continuous basis," Doc. 639-52 at p. 1) and Ford filed suit as a plaintiff named in the First Amending Complaint, (Doc. 227), there is no evidence that Morgan meets the first condition to invoke the single filing rule. *See Price*, 459 F.3d at 598-99. Because Morgan does not meet the requirements for the single file rule or "piggyback" rule, there is no record of an EEOC charge filing to render Judson's filing of his Title VII claims timely.

Based on the foregoing, Ivan Morgan's claims under Title VII are <u>dismissed with prejudice</u>.

**D.      Summary**

In summary, Local 198's motion to amend ruling is granted in part and denied in part. The Court finds that its prior ruling on Local 198's motion for summary judgment on the issue of timeliness was manifestly erroneous in part. For the reasons stated above, the Court finds that the following Plaintiffs' Title VII claims are untimely and are dismissed with prejudice:   Frank Cage; Yvonne Catherine (heir to Joseph Catherine); Umeca O'Conner (heir to Joseph Catherine); Corey Catherine (heir to Joseph Catherine); Leo Davis; Kevin Gauthier; Larry Gilmore; Michael Jackson; Joseph Collins, Earnest Johnson, Carl Judson, and Ivan Morgan.   In this respect, Local 198's motion is granted.

For the reasons stated above, Local 198's motion is denied with respect to the Title VII claims of John Green. John Green's Title VII claims remain pending.

**IV.    Local 198's Motion to Strike Motion to Amend Ruling (Doc. 720)**

After Local 198 filed its Motion to Amend Ruling, (Doc. 702), Plaintiffs filed numerous motions for reconsideration arguing that its Title VII claims were timely because Plaintiffs did not assert Title VII claims in their original complaint. (Docs. 705, 707, 708, 709, 711, 712). Instead, Plaintiffs argued, for the first time, that the Title VII claims in the original complaint were essentially a placeholder. Plaintiffs only intended to amend their complaint some time in the future to assert claims under Title VII once a right to sue letter was received. (Doc. 707). Local 198 was not aware of this argument or purported pleading until after it filed its motion to amend ruling. (Doc. 720). Once Local 198 learned this information, Local 198 felt it was their duty to move to strike a portion of their motion to amend ruling which relied upon the fact that Plaintiffs asserted Title VII claims in their original complaint. (Doc. 720-1, p. 1).

In their motion to strike, Local 198 argues that "[b]ecause the original plaintiffs did not make claims under Title VII in their original complaint, the question of whether the EEOC charges should have been dated to the earlier date of attached discovery Questionnaires is not pertinent." (Doc. 720-1, p. 2). Local 198 moves to strike that part of its motion to amend ruling. Essentially, Local 198 is moving to strike that part of their original motion to amend ruling that argued the relevance of the dates of the questionnaires. Although the Court does not find that this changes its analysis above, the Court will grant Local 198's motion to strike due to its limited scope.

Local 198 notes in a footnote that Plaintiffs' argument that they only plead an intent to pursue Title VII claims in the original complaint still does not render Plaintiffs' Title VII claims timely. Local 198's reasoning for why Plaintiffs' Title VII claims remain untimely uses a different analysis. However, Local 198 also notes that "since Local 198 did not raise this issue in its motion for summary judgment it will not try to raise it by means of a motion for reconsideration but will

brief the issue when the Court deems it appropriate". (Doc. 720-1, p. 2, n. 1). For the reasons which follow, this Court agrees that neither Plaintiffs' new arguments of timeliness of Title VII claims, nor Local 198's arguments in response to same are before the Court at this time. Further, it is improper to make arguments for the first time on a motion for reconsideration that could have been made in support of or in opposition to the underlying motion before judgment was rendered. *See Templet*, 367 F.3d at 478-79. Such is the case here.

## V. Plaintiffs' Omnibus Motion for Reconsideration of Ruling and Order (Doc. 717)

Pursuant to the Court's Order, (Doc. 715), Plaintiffs filed an Omnibus Motion for Reconsideration of Ruling and Order, (Doc. 717), essentially combining Plaintiffs' numerous motions for reconsideration previously filed. In the omnibus motion, Plaintiffs argue: (1) that the Court should review the questionnaires "in the record" of Lee Fox, Larry Freeman, Andre Gatlin, Sam Parker, Donald Robertson and Tommie Williams, and amend its ruling on Local 198's motion for summary judgment based on the information contained therein, (Doc. 717-2, pp. 1-2); (2) that it was erroneous to find that Fox's Title VII claims were untimely because Fox amended the complaint after receiving his right to sue letter to properly and timely assert a Title VII claim that "relates back" to the original filing of suit, (Doc. 717-2, pp. 2-6); (3) that the Court should use the EEOC charges filed by James Miles and/or Charles Adams upon which other Plaintiffs may piggyback because they were not challenged on summary judgment, (Doc. 717-2, pp. 2-3); (4) that Local 198 waived the defense of failure to exhaust administrative remedies because Local 198 did not raise this argument under Rule 12(b)(6). (Doc. 717-2, pp. 6-7).

### A. Reconsideration of questionnaires of Larry Freeman, Andre Gatlin, and Donald Robertson.

With regard to Plaintiff Larry Freeman, Plaintiffs specifically argue that his questionnaire should be reconsidered because it is "identical to that of Lee Fox", thereby allowing Freeman to

piggyback upon Fox. (Doc. 717-2, p. 7). Plaintiffs argue that Freeman's questionnaire can be found at "RD 285 or 287" and "RD 260 #9". (Doc. 717-2, p. 8). Finally, Plaintiffs argue that Freeman should be allowed to piggyback upon not only Fox, but also Plaintiffs James Miles and Ernest Ford. (*Id.*).

In its ruling on Local 198's motion for summary judgment, this Court considered Plaintiffs' citation to the record for the questionnaire of Freeman. In their opposition to the motion for summary judgment, Plaintiffs cited to "Doc. 285" and Exhibit "Z". However, as the Court pointed out in its ruling, Doc. 285 is a memorandum in opposition to a prior motion for partial summary judgment, and there were no exhibits, "Z" or otherwise, at that citation. (Doc. 700, p. 53 (citing Doc. 648 at p. 13, citing Doc. 285 at p. 17)). Now, Plaintiffs re-urge the same faulty citation to Doc. 285 and cite to other parts of the record for the first time. The Court declines Plaintiffs' invitation to re-visit this issue. Plaintiffs should have accurately cited to the record in opposition to the underlying motion. The Court will not scour the record, especially one as voluminous as the instant record, searching for questionnaires that Plaintiffs claim are in the record and purport to evidence and advance Plaintiffs' claims. *See United States v. Dunkel*, 927 F.2d 955, 956 (7th Cir. 1991)("Judges are not like pigs, hunting for truffles buried in briefs."). Also, no argument that could have been raised prior to ruling and was not is not proper on a Rule 59(e) motion. *See Templet*, 367 F.3d at 478-79. For these reasons, the Court will not re-visit any questionnaire of Freeman.

Further, this Court analyzed whether Freeman could piggyback upon Fox and Ford in its prior ruling. (Doc. 700, pp. 53-54). Plaintiffs have not provided any basis for the Court to reconsider or alter its prior ruling in this regard. Plaintiffs' argument amounts to simply not agreeing with the Court's ruling, which is not a sound basis to alter or amend the prior ruling under

Rule 59(e).  *See Hutchinson*, 994 F.2d at 1082.  The argument that Freeman should be allowed to piggyback on Miles is new and could have been raised in opposition to the underlying motion. Therefore, it will not be considered.  *See Templet*, 367 F.3d at 478-79.  For these reasons, the Court will not reconsider the Title VII claims of Freeman, and Plaintiffs' motion is denied in this regard.

Plaintiffs make the same argument for Plaintiff Donald Robertson as they made for Freeman.  (Doc. 717-2, pp. 13-15).  Again, this Court was previously directed to a questionnaire for Robertson at "RD 285, at 14 of 32, Ex J1 and J2"; however, Doc. 285 is a memorandum in opposition to a prior motion and there are no exhibits at that citation.  (Doc. 700, pp. 78-79 (citing Doc. 648 at p. 13, citing Doc. 285 at p. 14)).  Plaintiffs now, for the first time, redirect the Court to a different citation to the record where this questionnaire might be found, seeking the Court's consideration of it at this time.  The Court will not do so for the same reasons stated above with regard to Freeman.  *See United States*, 927 F.2d at 956;  *See Templet*, 367 F.3d at 478-79.  Further, Plaintiffs ask that the Court reconsider Robertson's Title VII claims and allow them to piggyback upon the claims of Miles, Fox and Ford.  The Court already analyzed Robertson's Title VII claims and considered whether the single filing rule applied regarding Fox and Ford's Title VII claims. (Doc. 700, pp. 79-80).  The Court stands by its prior ruling and finds no suitable grounds to reconsider this ruling under Rule 59(e).  Finally, Plaintiffs' argument that Robertson should piggyback upon Miles is a new one, which the Court addressed above.  *See Templet*, 367 F.3d at 478-79. The Court denies Plaintiffs' motion with regard to the Title VII claims of Robertson.

Regarding Plaintiff Andre Gatlin, Plaintiffs admit that his questionnaire was not in the record at the citation to which Plaintiffs directed the Court in opposition to the underlying motion. In fact, Plaintiffs admit that they "inadvertently" failed to file this questionnaire.  (Doc. 717-2, p. 9).  However, Plaintiffs now claim that they found the questionnaire of Gatlin in the record in a

different location and "put a sticky on it". (*Id.*). For these reasons, Plaintiffs argue that the Court should reconsider Gatlin's questionnaire. The Court declines to do so. For the same reasons set forth above, including Plaintiffs' failure to accurately cite to the record and/or file evidence into the record which is something Plaintiffs' could have and should have done prior to the ruling but did not, the Court denies Plaintiffs' motion in this regard. *See Templet*, 367 F.3d at 478-79.

### B.     Pleading of Title VII claims – Lee Fox, Sam Parker, Tommie Williams

In its prior ruling, this Court dismissed Fox's Title VII claims as untimely. (Doc. 700, pp. 49-50). The Court then proceeded to analyze the timeliness of various other Plaintiffs' Title VII claims and erroneously allowed some of those Plaintiffs to piggyback upon Fox's untimely Title VII claims to render their claims timely. As set forth above, this was manifestly erroneous, and the Court granted Local 198's motion to amend in this regard, attempting to correct the Court's error.

However, what Plaintiffs now argue regarding the timeliness of Fox's Title VII claims is a new argument, one that Plaintiffs did not advance in opposition to the underlying motion. (Docs. 646, 648, 687, 688, 692). Plaintiffs' argument is that in the original Complaint, Plaintiffs alleged that their intent was to plead a Title VII claim in the future, after EEOC charges were filed and right to sue letters were received. (See Doc. 1, ¶ 86). Essentially, Plaintiffs' reference to Title VII claims in the original Complaint was intended to be a placeholder only. Subsequent to the filing of the original Complaint, Fox filed an EEOC charge and received a right to sue letter. Plaintiffs then amended their complaint, this time with the intention of actually pleading and asserting claims under Title VII.[3] (*See* Doc. 227, ¶ 86). Plaintiffs claim that the First Amended Complaint was

---

[3] The Court notes with interest that Plaintiffs' amendment to Paragraph 86 is as ambiguous as the original Complaint. In the First Amended Complaint, Plaintiffs plead that they filed a complaint with the EEOC and seek damages under Title VII "once the EEOC issues a 'right to sue' letter". (Doc. 227, ¶ 86). The question here is whether Plaintiffs

timely filed after administrative remedies were exhausted and that it relates back to the filing of the original Complaint. (Doc. 717-2, pp. 2-5). For these reasons, Plaintiffs argue that Fox's Title VII claims are timely and the Plaintiffs who piggybacked on Fox have timely Title VII claims as well.

The Court declines to engage in an analysis of the substance of Plaintiffs' arguments on this issue. The fatal flaw for Plaintiffs is that Plaintiffs did not raise this argument in their oppositions to Local 198's motion for summary judgment. *See Templet*, 367 F.3d at 478-79. Therefore, that argument was waived and will not be considered. More pertinent to the motion presently before the Court, Plaintiffs have selected the wrong procedural vehicle to now invoke this argument. Motions to Amend or Alter a Ruling under Rule 59(e) are not the proper vehicle to raise arguments that could have been raised prior to the ruling. Here, Plaintiffs could have raised this argument, but they did not. *See U.S. Bank Nat. Ass'n v. Verizon Communications, Inc*., 761 F.3d 409, 426 (5th Cir. 2014)("The Trustee raised its arguments concerning a right to a jury trial … for the first time in its motion for reconsideration…. [T]his is insufficient to preserve the Trustee's arguments. Accordingly, in its order denying reconsideration, the district court concluded that these arguments had been waived. We agree…. [W]e will not consider [those arguments] here."); *See Templet*, 367 F.3d at 478-79. Therefore, the Court denies Plaintiffs' motion on this issue.

Plaintiffs make the same argument regarding Plaintiffs Sam Parker and Tommie Williams as was made for Fox – that the intent to plead a Title VII claim was preserved in the original Complaint and that the suit was later amended once right to sue letters were received and administrative remedies exhausted. (Doc. 717-2, pp. 9-13). However, Plaintiffs admit that with

---

have plead a Title VII claim, as they claim that they intended to do, or are Plaintiffs averring that they will assert this Title VII claim once the EEOC issues a right to sue letter? At best, Plaintiffs' pleading is ambiguous.

regard to Sam Parker and Tommie Williams, the suit was never amended to reflect that these Plaintiffs exhausted their administrative remedies. (Doc. 717-2, p. 11 ("It is unknown, why the claims were not amended.")). Also, just as with Fox, Plaintiffs are raising this argument for the first time in its motion for reconsideration. Plaintiffs could have raised this argument before the ruling in their multiple oppositions to Local 198's motion for summary judgment, but they did not do so. For these reasons as well as those stated above with regard to Fox, Plaintiffs' motion is denied regarding Plaintiffs Sam Parker and Tommie Williams.

### C. James Miles and Charles Adams; Waiver of defense

By the same token, Plaintiffs' arguments that: (1) the Court should allow Plaintiffs to piggyback upon the Title VII claims of Miles and Adams; and, (2) that Local 198 waived the defense of failure to exhaust administrative remedies because it did not first raise the defense by a Rule 12(b)(6) motion, are declined for consideration. These are arguments of first impression erroneously raised by a motion under Rule 59(e). *See Templet*, 367 F.3d at 478-79.

### D. Summary

For the reasons set forth above, Plaintiffs' Omnibus Motion for Reconsideration is denied. The Court will not reconsider its prior ruling on the Title VII claims of Plaintiffs Lee Fox, Larry Freeman, Andre Gatlin, Sam Parker, Donald Robertson, or Tommie Williams.

## VI. Conclusion

Accordingly, **IT IS ORDERED** that Defendant's, United Association of Journeymen and Apprentices of the Plumbing and Pipefitting Industry of the United States and Canada, AFL-CIO, Local 198's, motion to amend ruling (Doc. 702) is **GRANTED IN PART AND DENIED IN PART**. Defendant's motion to amend ruling is granted in part, and the following Plaintiffs' Title VII claims are dismissed with prejudice based on untimeliness: Frank Cage, Yvonne Catherine,

Umeca O'Conner, Corey Catherine, Leo Davis, Kevin Gauthier, Larry Gilmore, Michael Jackson, Joseph Collins, Earnest Johnson, Carl Judson, and Ivan Morgan. Defendant's motion to amend ruling is denied in part, and John Green's Title VII claims remain pending.

**IT IS FURTHER ORDERED** that Defendant's motion to strike its motion to amend ruling (Doc. 720) is **GRANTED**.

**IT IS FURTHER ORDERED** that Plaintiffs' omnibus motion for reconsideration is **DENIED.**

IT IS SO ORDERED.

Signed in Baton Rouge, Louisiana, on October 3, 2019.

_____
**JUDGE JOHN W. deGRAVELLES**
**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF LOUISIANA**