# UNITED STATES DISTRICT COURT

# MIDDLE DISTRICT OF LOUISIANA

**CHARLES ADAMS, ET AL.**　　　　　　　　**CIVIL ACTION**

**VERSUS**　　　　　　　　　　　　　　　**NO. 98-400-JWD-RLB**

**UNITED ASSOCIATION OF
JOURNEYMEN AND APPRENTICES
OF THE PLUMBING AND PIPEFITTING
INDUSTRY OF THE UNITED STATES AND
CANADA, AFL-CIO, LOCAL 198, ET AL.**

## ORDER

This matter comes before the Court on Plaintiffs' *Motion to Strike,* (Doc. 767), that was filed on January 3, 2020. Plaintiffs' motion seeks to strike paragraphs 9-10, 12-14, 16-17, and 20-26 of the Declaration of Louis LeBlanc, (Doc. 737-4), offered by Defendant, United Association of Journeymen and Apprentices of the Plumbing and Pipefitting Industry of the United States and Canada, AFL-CIO, Local 198, ("Defendant" or "Local 198"), in support of its motion for summary judgment, (Doc. 737). In summary, Plaintiffs contend that paragraphs of the declaration should be stricken because they lack foundation, are overly generalized, and/or are not made based on personal knowledge. (Doc. 767, pp. 2-4).

The Court declines to consider the merits of Plaintiffs' motion to strike at this time because the motion to strike is not necessary under the applicable Federal Rules of Civil Procedure, and Plaintiffs' objections to Defendant's offered evidence will be ruled upon in conjunction with the Court's ruling upon Defendant's motion for summary judgment. For approximately the past nine years, recommended federal practices have entailed considering objections to evidence offered in support of or in opposition to motions for summary judgment in conjunction with the actual motion for summary judgment as opposed to a separate motion to strike, similar to the practice of objecting

1

to evidentiary offerings at trial. *See Cutting Underwater Techs. USA, Inc. v. Eni U.S. Operating Co.*, 671 F.3d 512, 515 (5th Cir. 2012)("Prior to December 1, 2010, the proper method by which to attack an affidavit was by filing a motion to strike."); *Smith v. Palafox*, 728 Fed.Appx. 270, 275 (5th Cir. 2018)(citing *Lee v. Offshore Logistical & Trasp., L.L.C.*, 859 F.3d 353, 355 (5th Cir. 2017)("[T]he new rule allows a party to object 'that the material cited to support or dispute a fact cannot be presented in a form that would be admissible as evidence.'")). Acting in accord with these recommended practices renders a separate motion to strike moot or unnecessary.

The 2010 Advisory Committee Notes to Rule 56 specifically address this issue:

> Subdivision (c)(2) provides that a party may object that material cited to support or dispute a fact cannot be presented in a form that would be admissible in evidence. The objection functions much as an objection at trial, adjusted for the pretrial setting. The burden is on the proponent to show that the material is admissible as presented or to explain the admissible form that is anticipated. **There is no need to make a separate motion to strike.** If the case goes to trial, failure to challenge admissibility at the summary-judgment stage does not forfeit the right to challenge admissibility at trial.

(Emphasis added). *See Cutting Underwater Techs. USA, Inc*, 671 F.3d at 515 ("Under the now-applicable Rule 56(c)(2) … it is no longer necessary for a party to file [a motion to strike]; instead, the party may simply object to the material."). Motions to strike should be treated as objections. *See National Roofers Union v. Ascension Sheet Metal, LLC*, Civ. A. No. 13-597, 2015 WL 4238021, at *1 (M.D. La. June 25, 2015) (citing *Cutting Underwater Techs*, 671 F.3d at 515).

Additionally, Local Rule 56(e) for the Middle District of Louisiana, effective November 12, 2019, states:

> **Motions to Strike Not Allowed.** Motions to strike statements of fact are not allowed. If a party contends that an individual statement of fact should not be considered by the court, the party may include as part of the response that the statement of fact "should be stricken" with a brief statement of the reason(s) and the authority or record citation in support. Without prejudice to the determination of the request to strike, the party shall admit, deny or qualify the statement as provided in this rule. A party may respond to a request to strike either in the reply

> statement of material facts as provided in this rule or, if the request was made in a reply statement of material facts, by filing a response within 14 days of service of the reply statement. A response to a request to strike shall be strictly limited to a brief statement of the reason(s) why the statement of fact should be considered and the authority or record citation in support.

As set forth above, motions to strike are no longer allowed. Although Local Rule 56(e) refers to statements of fact, the same applies to any evidence offered in support or in opposition to a motion for summary judgment. Therefore, while the former rule was that parties did not need to file a separate motion to strike (and were discouraged from doing so), the current rule is that such motions are not allowed.

Based on the foregoing, Plaintiffs' motion to strike is denied without prejudice. Plaintiffs' objections to the Declaration of Louis LeBlanc offered by Defendant are noted as briefed in Doc. 767. The Court will consider these objections and Defendant's response to same in conjunction with the Court's consideration of Defendant's motion for summary judgment and all briefing and evidence submitted in support of or in opposition to the motion.

**IT IS ORDERED** that Plaintiffs' *Motion to Strike*, (Doc. 767), is **DENIED** without prejudice.

Signed in Baton Rouge, Louisiana, on January 6, 2020.

 

**JUDGE JOHN W. deGRAVELLES**
**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF LOUISIANA**