UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

| CHARLES ADAMS, ET AL. | CIVIL ACTION |
|---|---|
| VERSUS | NO. 98-400-JWD-RLB |ию

UNITED ASSOCIATION OF
JOURNEYMEN AND APPRENTICES
OF THE PLUMBING AND PIPEFITTING
INDUSTRY OF THE UNITED STATES AND
CANADA, AFL-CIO, LOCAL 198, ET AL.

## ORDER

This matter comes before the Court on Plaintiffs' *Motion to Strike,* (Doc. 834), that was filed on April 6, 2020. Plaintiffs' motion seeks to strike the twelve exhibits attached to the reply memorandum, (Doc. 833), offered by Defendant, United Association of Journeymen and Apprentices of the Plumbing and Pipefitting Industry of the United States and Canada, AFL-CIO, Local 198, ("Defendant" or "Local 198"), in further support of its motion for summary judgment, (Doc. 804). In summary, Plaintiffs contend that the exhibits should be stricken because they are "new evidence" and Plaintiffs are prejudiced due to their inability to respond properly. (Doc. 834-2, p. 2). Defendant opposes the motion, (Doc. 835), which is addressed below.

First, the Court recognizes that Plaintiffs have moved to strike Defendant's exhibits attached to a reply memorandum in the past. (Doc. 793). Defendant filed a reply memorandum in further support of a separate motion for summary judgment on January 27, 2020. (Doc. 786). Attached to that reply memorandum were various exhibits. Unlike the exhibits at issue here, the exhibits made the subject of the prior motion to strike appeared to actually be "new" as they consisted of affidavits and other exhibits that the Court could not readily identify as already being a part of the record or evidence readily available to all parties (such as a deposition). For these

reasons and others, the Court allowed the parties to engage in additional briefing limited solely to the exhibits. It appears that Plaintiffs are simply responding in the same fashion to the exhibits at issue here and anticipating the same outcome. However, for the reasons set forth below, the Court denies Plaintiffs' instant motion to strike because the twelve exhibits at issue are items that have been readily available to Plaintiffs for some time and are not "new" evidence.

Second, the Court reminds Plaintiffs that their motion to strike is not necessary under the applicable Federal Rules of Civil Procedure. For approximately the past nine years, recommended federal practices have entailed considering objections to evidence offered in support of or in opposition to motions for summary judgment in conjunction with the actual motion for summary judgment as opposed to a separate motion to strike, similar to the practice of objecting to evidentiary offerings at trial. *See Cutting Underwater Techs. USA, Inc. v. Eni U.S. Operating Co.*, 671 F.3d 512, 515 (5th Cir. 2012)("Prior to December 1, 2010, the proper method by which to attack an affidavit was by filing a motion to strike."); *Smith v. Palafox*, 728 Fed.Appx. 270, 275 (5th Cir. 2018)(citing *Lee v. Offshore Logistical & Trasp., L.L.C.*, 859 F.3d 353, 355 (5th Cir. 2017)("[T]he new rule allows a party to object 'that the material cited to support or dispute a fact cannot be presented in a form that would be admissible as evidence.'")). Acting in accord with these recommended practices renders a separate motion to strike moot or unnecessary.

The 2010 Advisory Committee Notes to Rule 56 specifically address this issue:

> Subdivision (c)(2) provides that a party may object that material cited to support or dispute a fact cannot be presented in a form that would be admissible in evidence. The objection functions much as an objection at trial, adjusted for the pretrial setting. The burden is on the proponent to show that the material is admissible as presented or to explain the admissible form that is anticipated. **There is no need to make a separate motion to strike.** If the case goes to trial, failure to challenge admissibility at the summary-judgment stage does not forfeit the right to challenge admissibility at trial.

(Emphasis added). *See Cutting Underwater Techs. USA, Inc*, 671 F.3d at 515 ("Under the now-applicable Rule 56(c)(2) … it is no longer necessary for a party to file [a motion to strike]; instead, the party may simply object to the material."). Motions to strike should be treated as objections. *See National Roofers Union v. Ascension Sheet Metal, LLC*, Civ. A. No. 13-597, 2015 WL 4238021, at *1 (M.D. La. June 25, 2015) (citing *Cutting Underwater Techs*, 671 F.3d at 515).

Additionally, Local Rule 56(e) for the Middle District of Louisiana, effective November 12, 2019, states:

> **Motions to Strike Not Allowed.** Motions to strike statements of fact are not allowed. If a party contends that an individual statement of fact should not be considered by the court, the party may include as part of the response that the statement of fact "should be stricken" with a brief statement of the reason(s) and the authority or record citation in support. Without prejudice to the determination of the request to strike, the party shall admit, deny or qualify the statement as provided in this rule. A party may respond to a request to strike either in the reply statement of material facts as provided in this rule or, if the request was made in a reply statement of material facts, by filing a response within 14 days of service of the reply statement. A response to a request to strike shall be strictly limited to a brief statement of the reason(s) why the statement of fact should be considered and the authority or record citation in support.

As set forth above, motions to strike are no longer allowed. Although Local Rule 56(e) refers to statements of fact, the same applies to any evidence offered in support or in opposition to a motion for summary judgment. Therefore, while the former rule was that parties did not need to file a separate motion to strike (and were discouraged from doing so), the current rule is that such motions are not allowed.

Despite the foregoing, the Court reviewed all twelve of Defendant's exhibits to its reply memorandum. Eleven of the twelve exhibits are excerpts of deposition transcripts. (Doc. 833 – 1-7, 9-12). It appears that the eleven deponents are Plaintiffs. As Defendant correctly argues, this means that Plaintiffs are seeking to strike their own testimony by their own witnesses of which

they were undoubtedly aware. (Doc. 835, p. 2). At the very least, this testimony is not "new", is not a surprise to Plaintiffs, and does not prejudice Plaintiffs in any way. (*Id*.).

The remaining exhibit is a constitution for Local 198. (Doc. 833-8). It is an unauthenticated copy of what the Court assumes to be the original document. Federal Rule of Civil Procedure 56(c)(2) provides that "[a] party may object that the material cited to support or dispute a fact cannot be presented in a form that would be admissible in evidence." Fed. R. Civ. P. 56(c)(2). "At the summary judgment stage, evidence need not be authenticated or otherwise presented in an admissible form." *Maurer v. Indep. Town*, 870 F.3d 380, 384 (5th Cir. 2017) (citing Fed. R. Civ. P. 56(c); *Lee v. Offshore Logistical & Transp., LLC*, 859 F.3d 353, 355 (5th Cir. 2017); *LSR Consulting, LLC v. Wells Fargo Bank, N.A.*, 835 F.3d 530, 534 (5th Cir. 2016)). "After a 2010 revision to Rule 56, 'materials cited to support or dispute a fact need only be *capable* of being "presented in a form that would be admissible in evidence." ' " *Id.* (quoting *LSR Consulting, LLC*, 835 F.3d at 534 (quoting Fed. R. Civ. P. 56(c)(2))). "This flexibility allows the court to consider the evidence that would likely be admitted at trial—as summary judgment is trying to determine if the evidence admitted at trial would allow a jury to find in favor of the nonmovant— without imposing on parties the time and expense it takes to authenticate everything in the record." *Id.* (citing Fed. R. Civ. P. 56(c)(1)(A)).

Here, Defendant will have the opportunity at trial to present the exhibit, the constitution of Local 198, in a form and manner that would render it admissible in evidence. Therefore, the Court will consider this exhibit offered by Defendant on summary judgment. However, the Court will allow Plaintiffs an opportunity to respond to this exhibit as it may actually be "new" to Plaintiffs. Defendant will then have the opportunity to respond in an equally limited brief. (*See* the Court's Briefing Schedule at Doc. 836).

Based on the foregoing, Plaintiffs' motion to strike is denied. The Court will consider all exhibits attached to Defendant's reply memorandum in conjunction with the Court's consideration and ruling upon the motion for summary judgment. The Court will allow the parties an opportunity to provide additional briefing limited in scope to the exhibits attached to Doc. 833.

**IT IS ORDERED** that Plaintiffs' *Motion to Strike*, (Doc. 834), is **DENIED**.

Signed in Baton Rouge, Louisiana, on April 13, 2020.

_____
**JUDGE JOHN W. deGRAVELLES**
**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF LOUISIANA**