UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

| | |
|---|---|
| **CHARLES ADAMS, ET AL.** | **CIVIL ACTION** |
| **VERSUS** | **NO. 98-400-JWD-RLB** |
| **UNITED ASSOCIATION OF JOURNEYMEN AND APPRENTICES OF THE PLUMBING AND PIPEFITTING INDUSTRY OF THE UNITED STATES AND CANADA, AFL-CIO, LOCAL 198, ET AL.** | |

## RULING

This matter comes before the Court on a *Motion for Reconsideration of Ruling and Order* by Defendant, United Association of Journeymen and Apprentices of the Plumbing and Pipefitting Industry of the United States and Canada, AFL-CIO, Local 198, ("Local 198" or "Defendant"). (Doc. 851). Plaintiffs opposed Local 198's motion. (Docs. 852, 856). Oral argument is not necessary. The Court has carefully considered the law, the facts in the record, and the arguments and the submissions of the parties and is prepared to rule. For the following reasons, Defendant's *Motion for Reconsideration* is granted in part and denied in part.

**I.     Procedural Background**

The Court ruled on Local 198's two motions for summary judgment, (Docs. 737, 804), on June 29, 2020. (Doc. 849). In response to this ruling, Local 198 filed a motion for reconsideration. (Doc. 851).

1

## II. Discussion

### A. Relevant Standard – Motion for Reconsideration under Rule 54(b)

While the Federal Rules of Civil Procedure do not formally recognize the existence of motions for reconsideration (*e.g., Van Skiver v. United States*, 952 F.2d 1241, 1243 (10th Cir. 1991)), courts customarily consider such motions under Rule 60(b) or Rule 59(e). *Fuller v. M.G. Jewelry*, 950 F.2d 1437, 1442 (9th Cir. 1991). However, because Defendant moves to reconsider an interlocutory order, the motion is controlled by Rule 54(b) of the Federal Rules of Civil Procedure. Under this provision, any order or decision that adjudicates fewer than all the claims may be revised at any time before the entry of a judgment adjudicating all the claims and all the parties' rights and liabilities. Fed. R. Civ. Proc. 54(b).

While the court has broad discretion to decide a Rule 54(b) motion to reconsider and the standard imposed is less exacting, courts consider factors that inform the Rule 59 and Rule 60 analysis. *McClung v. Gautreaux*, No. 11-263, 2011 WL 4062387, at *1 (M.D. La. Sept. 13, 2011). Specifically, these factors include whether 1) the judgment is based upon a manifest error of fact or law; 2) newly discovered or previously unavailable evidence exists; 3) the initial decision was manifestly unjust; 4) counsel engaged in serious misconduct; and 5) an intervening change in law alters the appropriate outcome. *Livingston Downs Racing Ass'n, Inc. v. Jefferson Downs Corp.*, 259 F.Supp.2d 471, 475-76 (M.D. La. 2002).

In *Austin v. Kroger Tex., L.P.*, the Fifth Circuit made clear that Rule 54(b) and Rule 59(e) require distinct analyses. *Austin v. Kroger Tex., L.P.*, 864 F.3d 326, 336 (5th Cir. 2017) (finding that district court abused its discretion by applying stricter Rule 59(e) analysis instead of the more flexible Rule 54(b) analysis). "Under Rule 54(b), 'the trial court is free to reconsider and reverse its decision for any reason it deems sufficient, even in the absence of new evidence or an

2

intervening change in or clarification of the substantive law.'" *Id.* (quoting *Lavespere v. Niagara Mach. & Tool Works, Inc.*, 910 F.2d 167, 185 (5th Cir. 1990)). The stricter Rule 59(e), however, only applies to the reconsideration of final judgments. The *Austin* court, adopting language from the D.C. Circuit, contrasted Rule 54(b) with Rule 59(e) as follows:

> Rule 59(e), understandably, sets a high threshold for parties to raise a new argument for the first time after judgment has already been entered ... In contrast, Rule 54(b)'s approach to the interlocutory presentation of new arguments as the case evolves can be more flexible, reflecting the 'inherent power of the rendering district court to afford such relief from interlocutory judgments as justice requires.' *Id.* at 336-37 (quoting *Cobell v. Jewell*, 802 F.3d 12, 25-26 (D.C. Cir. 2015)).

"'Although courts are concerned with principles of finality and judicial economy, 'the ultimate responsibility of the federal courts, at all levels, is to reach the correct judgment under law.' " *Broyles v. Cantor Fitzgerald & Co.*, No. 10-854, 2015 WL 500876, at *1 (M.D. La. Feb. 5, 2015) (quoting *Keys v. Dean Morris, LLP*, 2013 WL 2387768, at *1 (M.D. La. May 30, 2013) (quoting *Georgia Pacific, LLC v. Heavy Machines, Inc.*, 2010 WL 2026670, at *2 (M.D. La. May 20, 2010))). "Nevertheless, 'rulings should only be reconsidered where the moving party has presented substantial reasons for reconsideration.'" *Id.* (quoting *Louisiana v. Sprint Communications Co.*, 899 F. Supp. 282, 284 (M.D. La. 1995)).

Ultimately, a motion for reconsideration is an extraordinary remedy and should be used sparingly in the interest of finality and conservation of judicial resources. *Carroll v. Nakatani*, 342 F.3d 934, 945 (9th Cir. 2003). The court should deny a motion for reconsideration when the movant rehashes legal theories and arguments that were raised or could have been raised before the entry of the judgment. *See Templet v. HydroChem Inc.*, 367 F.3d 473, 478-79 (5th Cir. 2004). A motion for reconsideration does not support old arguments that are reconfigured. *Resolution Trust Corp. v. Holmes*, 846 F. Supp. 1310, 1316, n.18 (S.D. Tex. 1994).

### B.  Defendant's motion

Local 198's motion is based on two grounds: (1) Defendant moves the Court to reconsider that portion of its ruling that allows Plaintiffs with claims pending under state law and Section 1981 only to assert disparate impact claims; and (2) Defendant moves the Court to reconsider its ruling that Plaintiffs' negligence claims remain pending.  (Doc. 851-1, p. 1).

#### 1.  Disparate Impact Claims

The first basis for Defendant's motion concerns those Plaintiffs whose remaining claims are only under state law and Section 1981.  Those Plaintiffs are: Yvonne Catherine; Umeca O'Connor; Corey Catherine; Lee Fox; Kevin Gauthier; Larry Gilmore; Clyde Holliday; Carl Judson; Sam Parker; and Tommie Williams.  Defendant re-urges that a disparate impact claim "is not cognizable" under state law or Section 1981 because state law and Section 1981 only protect "against intentional discrimination"; therefore, Defendant argues that the Court should reconsider dismissing the disparate impact claims for those Plaintiffs who only have claims pending under state law and Section 1981.  (Doc. 851-1, p. 2).

In support of its argument, Defendant cites to several cases supporting that claims of discrimination under Section 1981 are only for intentional discrimination, and not for disparate impact.  (Doc. 851-1, pp. 3-4 (citing *General Bldg. Contr. Ass. v. Penn*, 458 U.S. 375 (1982); *Nat. Ass'n of Gov't Emp. v. City Pub. Serv. Bd.*, 40 F.3d 698, 714-15 (5th Cir. 1994) ("To prove a cause of action under section 1983 based on a violation of equal protection, Plaintiffs are required, as under section 1981, to demonstrate intentional discrimination; mere disparate impact will not suffice."); *Gray v. Entergy Operation, Inc.,* 240 F.3d 1074 (5th Cir. 2000) (unpublished) (if a plaintiff employee was attempting to raise a disparate impact claim, she did not state a claim under § 1981, because § 1981 requires proof of intentional discrimination); *Arguello v. Conoco, Inc.*,

4

207 F.3d 803, 809 n.9 (5th Cir. 2000) (a plaintiff must prove purposeful discrimination under § 1981))). Local 198 relies solely on La. Rev. Stat. 23:332 in support of the same argument under Louisiana state law. (Doc. 851-1, pp. 2-3).

The Grodner Plaintiffs oppose Defendant's motion. (Doc. 852). Plaintiffs argue that "Local 198 cited no cases or legal argument to advance" its position that a disparate impact claim is not cognizable under state law or under Section 1981. (Doc. 852, p. 2). Plaintiffs then criticize Local 198's reliance upon *Odubela v. Exxon Mobil Corp.*, 736 F. App'x 437, 442 (5th Cir. 2018), from Local 198's briefing in support of its motions for summary judgment, arguing that *Odubela* makes no mention of "disparate impact". (Doc. 852, p. 3).

The Wilson Plaintiffs also oppose Defendant's motion. (Doc. 856). Plaintiffs argue, "The gravamen of the motion is that state law looks to 42 USC 1981 to interpret its anti-discrimination statutes, the LEDL. This argument is incorrect. The LEDL looks to Title VII, not [S]ec. 1981." (Doc. 856, p. 1).

The Court first turns to Local 198's two motions for summary judgment, (Docs. 737, 804), to determine whether Local 198 argued this issue prior to its motion for reconsideration. Local 198 did, in fact, make the same argument on the underlying motions as it makes here, relying on the same legal authority as cited in support of Local 198's motion for reconsideration. (*See, e.g.*, Doc. 804-1, p. 8 n.15). As such, the Court now turns to whether Louisiana state law and Section 1981 allow Plaintiffs a disparate impact claim.

### *a.    Section 1981*

As this Court stated in its Ruling on Local 198's two motions for summary judgment, "proof of discriminatory motive is not required for disparate-impact claims." (Doc. 849, p. 28 (citing *Pacheco v. Mineta*, 448 F.3d 783, 791 (5th Cir. 2006))). In *General Bldg. Contractors*

5

*Ass'n, Inc. v. Penn.*, 458 U.S. at 383, the Supreme Court addressed whether liability may be imposed under Section 1981 when proof of discriminatory motive, *i.e.*, intentional discrimination, is not required. The Supreme Court concluded that Section 1981 "only reaches" and "can be violated only" by "purposeful discrimination", not a facially-neutral policy with a disparate impact. *Id*. at 389-91. *See also, Gray*, 240 F.3d 1074, at *4; *Collins-Pearcy v. Mediterranean Shipping Co. (USA), Inc.*, 698 F.Supp.2d 730, 741 (S.D. Tex. Mar. 22, 2010) ("A disparate impact claim is not legally viable under § 1981. Section 1981 requires proof of intentional discrimination.") (citing *Nat. Ass'n of Gov't Employees*, 40 F.3d at 714-15; *Gray*, 240 F.3d 1074, at *4; *Scheidecker v. Arvig Enters., Inc.*, 122 F.Supp.2d 1031, 1043-44 (D.Minn. 2000); and *Hunt v. Tektronix, Inc.*, 952 F.Supp. 998, 1009 (W.D.N.Y. 1997)).

Based on the foregoing, the Court finds that it was an error of law not to dismiss the claims of disparate impact for those Plaintiffs whose disparate impact claims are pending under Section 1981. Because a disparate impact claim is not legally viable under Section 1981, the disparate impact claims brought by Yvonne Catherine, Umeca O'Connor, Corey Catherine, Lee Fox, Kevin Gauthier, Larry Gilmore, Clyde Holliday, Carl Judson, Sam Parker, and Tommie Williams should be dismissed with prejudice. Therefore, the Court grants Local 198's motion for reconsideration of this issue and dismisses these Plaintiffs' disparate impact claims under Section 1981 with prejudice.

      b.  *Louisiana State Law*

Local 198's rationale for claiming that certain Plaintiffs' disparate impact claims under Louisiana state law should be dismissed is the same as that applicable to disparate impact claims under Section 1981. Local 198 argues that La. Rev. Stat. 23:332(C) speaks to "intentional" discrimination only, and since discriminatory motive is not a necessary element of a disparate

impact claim, then such claims should not be viable under Louisiana statutory law, just as they are not viable under Section 1981. (Doc. 851-1, pp. 2-3). Neither Local 198, nor Plaintiffs direct the Court to any caselaw supporting either side of this argument.

Plaintiffs' racial discrimination claims under state law are brought pursuant to Louisiana Revised Statute 23:332(C). The Louisiana statute states that it is unlawful discrimination for a labor organization to "intentionally discriminate" against any individual based on race.[1] Based solely on the language of the Louisiana statute, the intent of the labor organization to discriminate seems to be a necessary element of liability under the statute. However, in *Lee v. Constar, Inc.*, 05-633, (La. App. 5th Cir. 2/14/06), 921 So.2d 1240, 1246, the sole case addressing a disparate impact claim under Louisiana law, the Louisiana appellate court first addressed whether Plaintiffs had a cause of action and stated:

> The cause of action in this case is for gender discrimination under Louisiana law, regardless of the theory upon which it is grounded. 'Disparate impact' is one legal theory upon which any plaintiff may rely to recover damages for the fact that the actions of the defendant impacted the protected class (gender, age, race, religion), such as to constitute discrimination. Although facts are necessary to show disparate impact, it is not the cause of action. Thus, we find that the no cause of action was properly denied. Nevertheless, under either disparate treatment or disparate impact, the Plaintiffs failed to prove gender discrimination.

*Id.* at 1246.

The court in *Lee* agreed that the exception of no cause of action was properly denied at the trial court level and recognized that there *is a legal theory of disparate impact under Louisiana*

---

[1] Louisiana Revised Statute 23:332(C) states: "It shall be unlawful discrimination in employment for a labor organization to engage in any of the following practices: (1) Intentionally exclude or intentionally expel from its membership, or otherwise intentionally discriminate against, any individual because of his race, color, religion, sex, or national origin. (2) Intentionally limit, segregate, or classify its membership or applicants for membership, or intentionally classify or fail or refuse to refer for employment any individual in any way which would deprive or tend to deprive any individual of employment opportunities, or would limit such employment opportunities, or otherwise adversely affect his status as an employee or as an applicant for employment, because of such individual's race, color, religion, sex, or national origin. (3) Intentionally cause or attempt to cause an employer to discriminate against an individual in violation of this Section."

7

*law* upon which a plaintiff may rely to recover damages due to the fact that the defendant's actions constituted racial discrimination. *Id.*

The court in *Lee* then proceeded to analyze the plaintiffs' discrimination claims, including those under the disparate impact theory, by looking to "federal jurisprudence to interpret Louisiana discrimination laws as they are derived in part from the federal law. *Id.* (citing *Bustamento v. Tucker*, 607 So.2d 532, 538 n.6 (La. 1992); *King v. Phelps Dunbar, L.L.P.*, 98-1805, p. 7 (La. 6/4/99), 743 So.2d 181, 187; *Motton v. Lockheed Martin Corp.*, 03-0962, p. 6 (La. App. 4 Cir. 3/2/05), 900 So.2d 901, 909). Regarding the plaintiffs' disparate impact claim, the *Lee* court stated:

> Under the disparate impact theory, the plaintiff class must set forth discrete, facially neutral practices that have a more severe impact on the protected group than on the unprotected group. *See, e.g., Griggs v. Duke Power Company*, 401 U.S. 424, 431-33, 91 S.Ct. 849, 854, 28 L.Ed.2d 158 (1971); *Dothard v. Rawlinson*, 433 U.S. 321, 329-30, 97 S.Ct. 2720, 2727, 53 L.Ed.2d 786 (1977). *The plaintiff is not required to prove the employer's discriminatory intent in a disparate impact case.*

*Lee*, 921 So.2d at 1247 (emphasis added). Thus, the Lee court found that a showing of discriminatory intent is "not required" under Louisiana law.

The *Lee* court then recognized that the plaintiffs' claims "were brought solely under the Louisiana law on discrimination." *Id.* (citing La. R.S. 23:332). The court proceeded to apply the burden-shifting framework under *McDonnell Douglas* and concluded that "the trial judge's conclusion that the [p]laintiffs made a *prima facie* case of discrimination under either the disparate treatment or disparate impact theory was not error." *Id.* at 1252. Although the *Lee* ultimately found that the plaintiffs failed to prove a pretext for gender discrimination, thus resulting in the dismissal of their gender discrimination claims under Louisiana state law, the analysis in *Lee* illustrates that there is support for prosecuting a claim of racial discrimination under La. Rev. Stat. 23:332 on the theory of disparate impact without the necessity of showing intentional

8

discrimination. *See also Eastin v. Entergy Corp.*, 02-293, (La. App. 5 Cir. 7/27/10), 42 So.3d 1163, 1179-81 (applying federal jurisprudence to interpret Louisiana discrimination laws in a disparate impact age discrimination case; no showing of intent to discriminate necessary).

The analysis set forth above is the same as that applied by this Court in considering Plaintiffs' disparate impact claims. Finding no error in its ruling on Defendant's motions for summary judgment, the Court denies Local 198's motion for reconsideration as to this issue.

### 2. Negligence Claims

Local 198 also seeks reconsideration of this Court's ruling with regard to Plaintiffs' negligence claims under Louisiana state law. At the outset, the Court reminds the parties that the Court specifically addressed this very issue in its ruling, in anticipation of this very situation where a party realizes that it forgot to address Plaintiffs' negligence claims. In the Ruling, the Court stated:

> Defendant's briefing makes no mention of Plaintiffs' claims of negligence under state law. Defendant has failed to point this Court to any portion of this 20-year-old record where the issue of Plaintiff's state law claims has been addressed or resolved. 'The Fifth Circuit makes it clear that when a party does not address an issue in his brief to the district court, that failure constitutes a waiver on appeal.' *JMCB, LLC v. Bd. of Commerce & Indus.*, 336 F.Supp.3d 620, 634 (M.D. La. 2018) (deGravelles, J.) (quoting *Magee v. Life Ins. Co. of N. Am.*, 261 F.Supp.2d 738, 748 n.10 (S.D. Tex. 2003) (citations omitted)); *see also United States v. Reagan*, 596 F.3d 251, 254-55 (5th Cir. 2010) (defendant's failure to offer any 'arguments or explanation … is a failure to brief and constitutes waiver'). 'By analogy, failure to brief an argument in the district court waives that argument in that court.' *JMCB*, 336 F.Supp.3d at 634 (quoting *Magee*, 261 F.Supp.2d at 748 n.10).

(Doc. 849, p. 114).

Despite this ruling, Local 198 seeks reconsideration of the Court's ruling because "Local 198 presented facts and evidence asking the Court to dismiss the plaintiffs' claims 'under any theory' and 'in their entirety.'" (Doc. 851-1, p. 4). Local 198 argues that it is Plaintiffs' burden of proof to prove their negligence claims, and since Plaintiffs failed to do so in response to

9

Defendant's motions for summary judgment, then these claims should be dismissed. (*Id*.). Alternatively, Defendant asks that all parties be allowed to "brief the issue." (*Id*.).

The Court denies Local 198's motion for reconsideration of Plaintiffs' negligence claims and denies Local 198's alternative motion for leave of court to brief the issue. The Court finds that Defendant's urging the Court to dismiss Plaintiffs' claims under "any theory" does not satisfy their obligation to move for summary judgment on Plaintiff's state law negligence claims and to support that motion with facts and law. The Court declines to reconsider this issue and to entertain any additional briefing on any of Plaintiffs' claims.

### III.   Conclusion

Accordingly,

**IT IS ORDERED** that Defendant's, United Association of Journeymen and Apprentices of the Plumbing and Pipefitting Industry of the United States and Canada, AFL-CIO, Local 198's, motion for reconsideration, (Doc. 851), is **GRANTED IN PART AND DENIED IN PART**. Defendant's motion for reconsideration is granted in part, and the following Plaintiffs' disparate impact claims under Section 1981 are dismissed with prejudice: Yvonne Catherine; Umeca O'Connor; Corey Catherine; Lee Fox; Kevin Gauthier; Larry Gilmore; Clyde Holliday; Carl Judson; Sam Parker; and Tommie Williams. Defendant's motion for reconsideration is denied in all other respects.

Signed in Baton Rouge, Louisiana, on <u>October 15, 2020</u>.

**JUDGE JOHN W. deGRAVELLES**
**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF LOUISIANA**