# UNITED STATES DISTRICT COURT

# MIDDLE DISTRICT OF LOUISIANA

**CHARLES ADAMS, ET AL.**                                    **CIVIL ACTION**

**VERSUS**

                                                      **NO. 98-400-JWD-RLB**

**UNITED ASSOCIATION OF**
**JOURNEYMEN AND APPRENTICES**
**OF THE PLUMBING AND PIPEFITTING**
**INDUSTRY OF THE UNTED STATES**
**AND CANADA, AFL-CIO LOCAL 198, ET AL.**

## NOTICE

    Please take notice that the attached Magistrate Judge's Report has been filed with the Clerk of the United States District Court.

    In accordance with 28 U.S.C. § 636(b)(1), you have fourteen (14) days after being served with the attached Report to file written objections to the proposed findings of fact, conclusions of law and recommendations therein. Failure to file written objections to the proposed findings, conclusions, and recommendations within 14 days after being served will bar you, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions of the Magistrate Judge which have been accepted by the District Court.

    **ABSOLUTELY NO EXTENSION OF TIME SHALL BE GRANTED TO FILE WRITTEN OBJECTIONS TO THE MAGISTRATE JUDGE'S REPORT.**

    Signed in Baton Rouge, Louisiana, on April 19, 2021.

                                                      **RICHARD L. BOURGEOIS, JR.**
                                                      **UNITED STATES MAGISTRATE JUDGE**

UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

| | |
|---|---|
| **CHARLES ADAMS, ET AL.** | **CIVIL ACTION** |
| **VERSUS** | |
| | **NO. 98-400-JWD-RLB** |
| **UNITED ASSOCIATION OF JOURNEYMEN AND APPRENTICES OF THE PLUMBING AND PIPEFITTING INDUSTRY OF THE UNTED STATES AND CANADA, AFL-CIO LOCAL 198, ET AL.** | |

**REPORT AND RECOMMENDATION**

This mater is before the Court on a Motion to Enforce Settlement of Michael Jackson ("Motion to Enforce Settlement") filed on March 3, 2021 by defendant, United Association of Journeymen and Apprentices of the Plumbing and Pipefitting Industry of the United State and Canada, AFL-CIO, Local 198 ( "Defendant"). (R. Doc. 923). No opposition has been submitted and the deadline for filing an opposition has passed.[1] Also before the Court is a Motion to Withdraw as Counsel of Record ("Motion to Withdraw") filed on March 23, 2021 by Donna Grodner and Grodner & Associates (collectively "Grodner"). (R. Doc. 927).

**I.   BACKGROUND**

The instant matter was initiated on May 1, 1998, when numerous plaintiffs, including Michael Jackson ("Jackson"), filed a class action complaint for violations of: (1) the Civil Rights Act of 1866 pursuant to 42 U.S.C. § 1981 ("Section 1981 claim(s)"); (2) Louisiana state law for acts of racial discrimination pursuant to La. Rev. Stat. 23:332(C)(1) and (2) and (D) ("state law discrimination claim(s)"); (3) Louisiana state law for acts of negligence, gross negligence and/or

---

[1] Local Rule 7(f) affords a respondent twenty-one days from service of a motion to file an opposition. The Motion to Enforce Settlement was filed on March 3, 2021. Therefore, any opposition should have been filed by March 24, 2021.

2

willful and wanton negligence ("negligence claim(s)"); and (4) Title VII of the Civil Rights Act of 1964 pursuant to 42 U.S.C. § 2000e ("Title VII claim(s)"). (R. Doc. 1).

On October 3, 2019, the Court granted, in part, Defendant's first Motion for Summary Judgment (R. Doc. 639) and dismissed Jackson's Title VII claim with prejudice. (R. Doc. 726 at 23-24). On February 18, 2020, Defendant filed another Motion for Summary Judgment seeking dismissal of, among other things, Jackson's state law discrimination and Section 1981 claims. (R. Doc. 804). The Court granted the motion, in part, on June 29, 2020 and dismissed Jackson's state law discrimination and Section 1981 claims with prejudice. (R. Doc. 849 at 88-89).

During a telephone settlement conference on September 30, 2020, "the parties were able to reach a resolution as to all remaining claims."[2] (R. Doc. 877). On October 2, 2020, the Court entered a 60-Day Order of Dismissal ("Order of Dismissal"), which states, in pertinent part: "**IT IS ORDERED** that [Jackson's] claims against" Defendant "are **DISMISSED,** without prejudice to the right of either party, upon good cause shown, to reinstate the action within 60 days if settlement is not consummated." *Id.* (emphasis in original).

On March 3, 2021, five months after the Order of Dismissal was entered, Defendant filed the instant Motion to Enforce Settlement. Defendant asserts that during the September 30, 2020 settlement conference, Jackson agreed to settle his claims for $2,000.00 (R. Doc. 923-1 at 1). On October 7, 2020, Defendant provided a draft Receipt and Release to Jackson, which he refused to execute because he "changed his mind about accepting a settlement offer." *Id.* at 2. Accordingly, Defendant filed the instant motion requesting that the Court enforce the settlement agreement between it and Jackson. *Id.* at 4.

---

[2] Because Jackson's state law discrimination, Section 1981, and Title VII claims were previously dismissed with prejudice on summary judgment, (R. Doc. 726 at 5; R. Doc. 849 at 88-89), the only remaining claim, as it pertains to Jackson, was the negligence claim. (*See* R. Doc. 849 at 114).

3

On March 23, 2021, Grodner filed the instant Motion to Withdraw requesting to withdraw as counsel for Jackson "due to a conflict that has arisen since settlement." (R. Doc. 927 at 1).

## II.    LAW AND ANALYSIS

Before the Court reaches the merits of Defendant's Motion to Enforce Settlement and Grodner's Motion to Withdraw, it must satisfy itself that it has jurisdiction to grant the requested relief. Federal courts, as courts of limited jurisdiction, only possess the power authorized by the U.S. Constitution and statute. *Kokkonen v. Guardian Life Insurance Company of America,* 511 U.S. 375, 377 (1994). Therefore, it is the Court's corresponding obligation to ensure that it does not exceed the scope of its jurisdiction and decide jurisdictional questions *sua sponte* if the parties either overlook or elect not to press them. *Henderson v. Shinseki,* 562 U.S. 428, 434 (2011).

### A.    The Court Does Not Have Jurisdiction Over Defendant's Motion to Enforce Settlement

"Enforcement of the settlement agreement…is more than just a continuation or renewal of the dismissed suit, and hence requires its own basis for jurisdiction." *Kokkonen,* 511 U.S. at 378 (internal citations omitted). Neither the U.S. Constitution nor a federal statute grant federal courts "jurisdiction over disputes arising out of an agreement that produces" a dismissal. *Id.* at 377. Moreover, settlement agreements are a type of contract, and actions to enforce them are, in essence, contract actions which are governed by state law and therefore do not raise a federal question. *May v. Hummingbird Aviation, LLC*, No. 08-1190, 2009 WL 10679749, at *3 (E.D. La. Dec. 16, 2009).

A district court may, however, employ its ancillary jurisdiction over matters beyond it competence for two purposes: "(1) to permit disposition by a single court of claims that are, in

4

varying respects and degrees, factually interdependent;" and "(2) to manage its proceedings, vindicate its authority, and effectuate its decrees." *Kokkonen,* 511 U.S. at 379-80.

Here, Defendant's Motion to Enforce Settlement raises a claim for breach of contract and is in no way factually related to the claims of the above-captioned matter—which are based on allegations of racial discrimination and civil rights violations.[3]

Furthermore, the Court may only assert ancillary jurisdiction for the purpose of managing its proceedings, vindicating its authority, and effectuating its decrees if "the parties' obligation to comply with the terms of the settlement agreement ha[s] been made part of the order of dismissal." *Kokkonen,* 511 U.S. at 381. When a settlement agreement is part of the order of dismissal, breach of the agreement would be a violation of the order, and ancillary jurisdiction to enforce the agreement would therefore exist. *Id*. Conversely, where the district court does not make a settlement agreement part of its dismissal order, "enforcement of the settlement agreement is for state courts," unless subject-matter jurisdiction on the new claim for breach of agreement is independently established. *Id.* at 382.

There are two ways that a court may make a settlement agreement part of the order of dismissal: (1) by incorporating the agreement into its dismissal order, or (2) by including a separate provision retaining jurisdiction over the settlement contract. *Id.* at 381. A court's intention to make a settlement part of the order, whether by incorporation of the agreement or including a provision retaining jurisdiction, must be explicit and clearly indicated. *Hospitality House, Inc. v. Gilbert,* 298 F.3d 424, 431-32 (5th Cir. 2002).

---

[3] For this same reason, the Court lacks supplement jurisdiction over Defendant's Motion to Enforce Settlement. Under 28 U.S.C. § 1367(a), the Court may only exercise supplemental jurisdiction over Defendant's Motion to Enforce if it were so related to other claims "in the action" within the Court's original jurisdiction "that they form part of the same case or controversy under Article III of the United States Constitution."

5

In the instant matter, neither of these was requested by the parties or done by the Court. Mr. Jackson did not personally participate in the settlement conference. The Court's Order of Dismissal did not expressly incorporate the parties' settlement agreement or explicitly retain jurisdiction over the settlement action. Instead, the Court merely acknowledged that the parties settled the matter and dismissed Jackson's claim against Defendant "without prejudice to the right of either party, upon good cause shown, to **reinstate** the action within 60 days if settlement is not consummated." (R. Doc. 877) (emphasis added).

The Court's acknowledgement of the parties' settlement, however, does not constitute a clear indication of the Court's intention to make it a part of the Order of Dismissal. As explained by the Supreme Court, a "judge's mere awareness and approval of the terms of the settlement agreement do not suffice to make them part of his order." *Kokkonen,* 511 U.S. at 381; *Hospitality House, Inc. v. Gilbert,* 298 F.3d at 432 (noting that "a dismissal order's mere reference to a settlement agreement is not sufficient to vest a district court with ancillary jurisdiction to enforce that agreement"). Moreover, the Order of Dismissal did not retain jurisdiction over the settlement agreement, but only for the reinstatement (or reopening) of the matter if settlement was not consummated. This is a separate and independent procedure from *enforcing* a settlement agreement. *See McDonald v. Hummingbird Aviation,* No. 08-3501, 2009 WL 3837528, at *2 (E.D. La. Nov. 10, 2009) ("Reopening a case and enforcing a settlement agreement are separate and mutually independent procedures."); *see also Kokkonen,* 511 U.S. at 378 ("It must be emphasized that what respondent seeks in this case is enforcement of the settlement agreement, and not merely reopening of the dismissed suit by reason of breach of agreement that was the basis for dismissal.").

Even if the Order of Dismissal reserved jurisdiction to enforce a settlement, the 60-day period to do so lapsed on December 1, 2021—three months before Defendant filed its Motion to Enforce Settlement. *See Walters v. Lexington Ins. Co.*, No. 07-8690, 2009 WL 1307869, at *1 (E.D. La. May 11, 2009) (denying motion to reopen and enforce settlement as it was filed outside of the 60 day period specified in the order of dismissal); *Harding v. Tidewater Marine, Inc.,* No. 95-2992, 1997 WL 335585, at *1 (E.D. La. June 17, 1997) (same); *Langella v. Anderson*, 734 F. Supp. 185, 192 (D.N.J. April 6, 1990) (court lost jurisdiction after the 60 day enforcement period expired).

The Court further notes that it does not have any other independent basis for jurisdiction over the enforcement of the settlement agreement. As mentioned above, Defendant's Motion to Enforce Settlement is essentially a contract action that is governed by state law and therefore federal question is not present. Moreover, the amount of the settlement, $2,000.00, does not satisfy the amount in controversy requirement for diversity jurisdiction under 28 U.S.C. § 1332.

Accordingly, the Court lacks subject-matter jurisdiction over the enforcement of the settlement agreement and concludes that Defendant's Motion to Enforce Settlement should be denied.

### B. The Court Does Not Have Jurisdiction Over Grodner's Motion to Withdraw

The Court also concludes that Grodner's Motion to Withdraw as counsel for Mr. Jackson should be denied for lack of jurisdiction. Any jurisdiction retained by the Court expired on December 1, 2020. Accordingly, Jackson's case is closed, and the Court is without jurisdiction to grant Grodner's Motion to Withdraw. *See McDonald,* 2009 WL 3837528, at *3 (explaining that the Court lacked jurisdiction to decide a motion to withdraw because neither party moved to reopen the matter within the time allowed by the order of dismissal).

## III.    RECOMMENDATION

Based on the foregoing, it is recommended that Defendant's Motion to Enforce Settlement (R. Doc. 923) and Grodner's Motion to Withdraw (R. Doc. 927) be **DENIED**.

Signed in Baton Rouge, Louisiana, on April 19, 2021.

                                         **RICHARD L. BOURGEOIS, JR.**
                                         **UNITED STATES MAGISTRATE JUDGE**