UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

CHARLES ADAMS, ET AL.

VERSUS

UNITED ASSOCIATION OF
JOURNEYMAN AND APPRENTICES
OF THE PLUMBING AND
PIPEFITTING INDUSTRY OF THE
UNITED STATES AND CANADA, AFL-
CIO, LOCAL 198, ET AL.

CIVIL ACTION

NO. 98-400-JWD-RLB

**RULING AND ORDER**

This matter comes before the Court on the *Motion to Reconsider Ruling on Earl Turner Dismissal of Claims* (Doc. 940) filed by Plaintiff Earl Turner ("Turner"). Defendant United Association of Journeymen and Apprentices of the Plumbing and Pipefitting Industry of the United States and Canada, AFL-CIO, Local 198 ("Local 198") opposes the motion, (Doc. 951), and Turner has filed a reply, (Doc. 952). Oral argument is not necessary. The Court has carefully considered the law, the facts in the record, and the arguments and submissions of the parties and is prepared to rule. For the following reasons, Turner's motion is denied.

I.     **Relevant Background**

As this Court previously explained:

> The original 99 Plaintiffs filed a "Class Action Complaint" on May 1, 1998. (Doc. 1). The proposed class of Plaintiffs are all African Americans who: are or have been members of the Local 198; have sought and been denied membership in the Local 198; have been or are currently enrolled in the Local 198's apprenticeship program; or have sought admittance and been denied admission to the Local 198 apprenticeship training program. (*Id*., p. 7). The sole remaining Defendant is Local 198. Plaintiffs allege that Local 198 discriminates based on race in the following ways: job assignments; job referrals; lay-offs; board leadership; maintaining a hostile work

> environment; using racial slurs and epithets; training; compensation; hiring; benefits; representation; recalls; job opportunities; retaliation; preventing work in supervisory positions; lack of assistance in disputes and providing defense; and admissions. (*Id.*, pp. 9-19). . . .
>
> This case arises out of Local 198's alleged violations of: (1) the Civil Rights Act of 1866 pursuant to 42 U.S.C. § 1981 ("Section 1981 claims"); (2) Louisiana state law for acts of racial discrimination pursuant to La. Rev. Stat. 23:332(C)(1) and (2) and (D) ("discrimination claims under state law"); (3) Louisiana state law for acts of negligence, gross negligence and/or willful and wanton negligence ("negligence claims"); and (4) Title VII of the Civil Rights Act of 1964 pursuant to 42 U.S.C. § 2000e ("Title VII claims").

(Doc. 849 at 2–3.)

On October 31, 2019, Local 198 moved for summary judgment against thirty-eight plaintiffs, including the instant mover Earl Turner. (Doc. 737.) On February 18, 2020, Local 198 also moved to dismiss the other remaining nineteen plaintiffs. (Doc. 804.)

Needless to say, briefing on this motion was extensive. As this Court noted in its ruling on these motions, (Doc. 849 at 1), Plaintiffs submitted a number of memoranda in opposition. (Docs. 770, 775, 781, 784, 795, 827, 831, and 842).

Relevant here, on January 31, 2020, Plaintiffs filed a *Motion for Leave to Submit and Substitute Exhibits*. (Doc 796.) In the unopposed motion, Plaintiffs stated, "The Claimants have now located Mr. Earl Turner and taken his statement. The statement is here submitted as a supplement in support of the opposition to dismissing his claims. Ex. A Earl Turner Statement[.]" (Doc. 796 at 2.) Plaintiffs attached Turner's declaration. (Doc. 796-2.) No other argument was made about this exhibit.

On March 24, 2020, Plaintiffs submitted a *Memorandum Addressing New Evidence Exhibits from Local 198 Reply Brief RD 786*. (Doc. 827.) No mention was made of Turner's

2

declaration, despite the fact that, as Local 198 argues, Turner's counsel argued in favor of the claims of thirteen other plaintiffs.

On June 29, 2020, this Court issued its *Ruling and Order* on the two motions for summary judgment. (Doc. 849.)  The Court reviewed and cited Turner's deposition, (Doc. 737-32), and ultimately dismissed his claims with prejudice. (Doc. 849 at 105–06.)  However, as Turner now maintains, the Court made no citation to Turner's declaration and did not discuss the contents of same. (*See id.*)

On May 4, 2021, Turner filed the instant motion. (Doc. 940.)  In sum, Turner argues that, when the Court dismissed his claims, it erred by failing to take into account his declaration. (Doc. 796-2.)

II.     **Standard for Motions for Reconsideration**

While the Federal Rules of Civil Procedure do not formally recognize the existence of motions for reconsideration (*e.g.*, *Van Skiver v. United States*, 952 F.2d 1241, 1243 (10th Cir. 1991)), courts customarily consider such motions under Rule 60(b) or Rule 59(e). *Fuller v. M.G. Jewelry*, 950 F.2d 1437, 1442 (9th Cir. 1991). However, because Defendant moves to reconsider an interlocutory order, the motion is controlled by Rule 54(b) of the Federal Rules of Civil Procedure. Under this provision, any order or decision that adjudicates fewer than all the claims may be revised at any time before the entry of a judgment adjudicating all the claims and all the parties' rights and liabilities. Fed. R. Civ. P. 54(b).

While the court has broad discretion to decide a Rule 54(b) motion to reconsider and the standard imposed is less exacting, courts consider factors that inform the Rule 59 and Rule 60 analysis. *McClung v. Gautreaux*, No. 11-263, 2011 WL 4062387, at *1 (M.D. La. Sept. 13, 2011). Specifically, these factors include whether (1) the judgment is based upon a manifest error of fact

or law; (2) newly discovered or previously unavailable evidence exists; (3) the initial decision was manifestly unjust; (4) counsel engaged in serious misconduct; and (5) an intervening change in law alters the appropriate outcome. *Livingston Downs Racing Ass'n, Inc. v. Jefferson Downs Corp.*, 259 F. Supp. 2d 471, 475–76 (M.D. La. 2002).

In *Austin v. Kroger Tex., L.P.*, the Fifth Circuit made clear that Rule 54(b) and Rule 59(e) require distinct analyses. *Austin v. Kroger Tex., L.P.*, 864 F.3d 326, 336 (5th Cir. 2017) (finding that district court abused its discretion by applying stricter Rule 59(e) analysis instead of the more flexible Rule 54(b) analysis). "Under Rule 54(b), 'the trial court is free to reconsider and reverse its decision for any reason it deems sufficient, even in the absence of new evidence or an intervening change in or clarification of the substantive law.' " *Id.* (quoting *Lavespere v. Niagara Mach. & Tool Works, Inc.*, 910 F.2d 167, 185 (5th Cir. 1990)). The stricter Rule 59(e), however, only applies to the reconsideration of final judgments. The *Austin* court, adopting language from the D.C. Circuit, contrasted Rule 54(b) with Rule 59(e) as follows:

> Rule 59(e), understandably, sets a high threshold for parties to raise a new argument for the first time after judgment has already been entered . . . In contrast, Rule 54(b)'s approach to the interlocutory presentation of new arguments as the case evolves can be more flexible, reflecting the "inherent power of the rendering district court to afford such relief from interlocutory judgments as justice requires."

*Id.* at 336–37 (quoting *Cobell v. Jewell*, 802 F.3d 12, 25-26 (D.C. Cir. 2015)).

" 'Although courts are concerned with principles of finality and judicial economy, 'the ultimate responsibility of the federal courts, at all levels, is to reach the correct judgment under law.' " *Broyles v. Cantor Fitzgerald & Co.*, No. 10-854, 2015 WL 500876, at *1 (M.D. La. Feb. 5, 2015) (quoting *Keys v. Dean Morris, LLP*, No. 12-49, 2013 WL 2387768, at *1 (M.D. La. May 30, 2013) (quoting *Georgia Pacific, LLC v. Heavy Machines, Inc.*, No. 07-944, 2010 WL 2026670,

4

at *2 (M.D. La. May 20, 2010))). "Nevertheless, 'rulings should only be reconsidered where the moving party has presented substantial reasons for reconsideration.' " *Id.* (quoting *Louisiana v. Sprint Commc'ns Co.*, 899 F. Supp. 282, 284 (M.D. La. 1995)).

Ultimately, a motion for reconsideration is an extraordinary remedy and should be used sparingly in the interest of finality and conservation of judicial resources. *Carroll v. Nakatani*, 342 F.3d 934, 945 (9th Cir. 2003). The court should deny a motion for reconsideration when the movant rehashes legal theories and arguments that were raised or could have been raised before the entry of the judgment. *See Templet v. HydroChem Inc.*, 367 F.3d 473, 478-79 (5th Cir. 2004).

### III. Discussion

#### A. Parties' Arguments

Turner argues that this Court erred in failing to take into account his declaration in ruling on the motions for summary judgment. (Doc. 940-2 at 2.) Turner points to the record document citations, explaining that the Court's discussion, (Doc. 849 at 105–06), makes no reference to the declaration, (Doc. 796-2). According to Turner:

> In its reasons for ruling, this Court cited solely to the deposition testimony and found "There is insufficient evidence supporting Turner's claims and showing that he can meet his burden." See [Doc.] 849, at 106 . . . . However, [Turner's] declaration was timely offered and should have been considered by the Court.

(Doc. 940-2 at 2.) Turner then notes the unsuccessful settlement negotiations following the Court's *Ruling and Order* (Doc. 849), implying that that this is the reason for the delay in filing his motion. (Doc. 940-2 at 2.) Turner maintains: "There were multiple claims to consider and as it happened the declaration of Mr. Earl Turner was not submitted [with] the original brief and not considered even though it was offered into evidence in this matter." (*Id.*) Turner then recaps the

5

testimony in his declaration and deposition and concludes that genuine issues of material fact preclude summary judgment. (*Id.* at 3–9.)

Local 198 opposes the motion. (Doc. 951.) Local 198 maintains that Turner failed to satisfy the heavy burden for obtaining reconsideration of the Court's prior ruling. (*Id.* at 3.) Turner here rehashes old arguments but supplements them with "additional support from a Declaration that was never briefed previously." (*Id.*) Further, Turner waited ten months after judgment to file his motion. (*Id.*) Even more importantly:

> [Turner] did nothing with the Declaration except file it into the record along with thirteen other documents, a number of which were already part of the record. This Court had no duty to go searching the multitudinous documents contained in the record to find support for Plaintiff's opposition to summary judgment where Plaintiffs failed to bring attention to facts contained within those documents.

(*Id.* at 3–4.) Local 198 notes that Turner's failure to brief the issue is particularly glaring considering how his counsel filed six memoranda in opposition to the motions for summary judgment, one of which was filed two months after the declaration was submitted and which briefed the claims of thirteen other Plaintiffs. (*Id.* at 5.) Local 198 closes by explaining how Turner's declaration does not present new evidence or change the outcome of the case. (*Id.* at 5–8.)

In reply, Turner first explains that the delay in filing the instant motion came from the prolonged settlement negotiations that took place between the parties. (Doc. 952 at 2.) "Once mediation failed, the time came to bring the declaration that is in the record . . . to the attention of the Court and seek a reconsideration in light of that declaration." (*Id.*) Turner then states, "Local 198 correctly notes that the motion for leave to offer the declaration of Earl Turner did not offer any additional briefing or repeat the briefing already offered for Mr. Turner. Supplemental briefing

6

may have assisted the Court at that time and may have avoided the oversight." (*Id.*) Turner further contends:

> The Local 198 correctly wrote that the Court had no obligation to search the record for evidence. Here, once again, additional briefing at that time that the declaration was offered likely would have assisted the Court and prevented the dismissal of valid claims. Reinstatement is the proper remedy. The Local 198 incorrectly wrote that the evidence was not offered "Party fails to bring forth" evidence. See Rd 951, at 4. In fact, the evidence was offered, timely.

(*Id.* at 3.) Turner also says that there was no reason to address in the brief dealing with thirteen other plaintiffs because that motion was in response to a different motion for summary judgment dealing with different plaintiffs. (*Id.*) Turner then argues that the declaration is not "newly discovered evidence," as it was timely filed before the ruling. (*Id.* at 4.) Finally, the declaration is not "redundant of the deposition," as it provides greater detail. (*Id.*)

### B. Applicable Law

Federal Rule of Civil Procedure 56 provides in relevant part that "[a] party asserting that a fact cannot be or is genuinely disputed must support the assertion by: . . . citing to particular parts of materials in the record. . . ." Fed. R. Civ. P. 56(c)(1)(A). "The court need consider only the cited materials, but it may consider other materials in the record." Fed. R. Civ. P. 56(c)(3).

Accordingly, "[t]he party opposing summary judgment is required to identify specific evidence in the record and to articulate the precise manner in which that evidence supports his or her claim." *Ragas v. Tenn. Gas Pipeline Co.*, 136 F.3d 455, 458 (5th Cir. 1998) (citing *Forsyth v. Barr*, 19 F.3d 1527, 1537 (5th Cir. 1994)). "When evidence exists in the summary judgment record but the nonmovant fails even to refer to it in the response to the motion for summary judgment, that evidence is not properly before the district court." *Malacara v. Garber*, 353 F.3d 393, 405 (5th Cir. 2003) (citing, *inter alia*, *Ragas*, 136 F.3d at 458). "Rule 56 does not impose upon the

7

district court a duty to sift through the record in search of evidence to support a party's opposition to summary judgment." *Id.* (quoting *Ragas*, 136 F.3d at 458); *see also Nissho–Iwai Am. Corp. v. Kline*, 845 F.2d 1300, 1307 (5th Cir. 1988) (noting that it is not necessary "that the entire record in the case . . . be searched and found bereft of a genuine issue of material fact before summary judgment may be properly entered"); *cf. United States v. Dunkel*, 927 F.2d 955, 956 (7th Cir.1991) ("Judges are not like pigs, hunting for truffles buried in briefs.").

In that vein, the Local Rules of this Court, effective Nov. 12, 2019—before Turner filed his declaration on January 31, 2020—provides, "The court shall have no independent duty to search or consider any part of the record not specifically referenced in the parties' separate statement of facts." M.D. La. LR 56(f).

Additionally, "failure to brief an argument in the district court waives that argument in that court." *JMCB, LLC v. Bd. of Com. & Indus.*, 336 F. Supp. 3d 620, 634 (M.D. La. 2018) (deGravelles, J.) (quoting *Magee v. Life Ins. Co. of N. Am.*, 261 F. Supp. 2d 738, 748 n.10 (S.D. Tex. 2003)); *see also United States ex rel. Wuestenhoefer v. Jefferson*, 105 F. Supp. 3d 641, 672 (N.D. Miss. 2015) ("This failure to develop the relevant argument effectively represents a waiver of the point." (citing *United States v. Dominguez–Chavez*, 300 F. App'x 312, 313 (5th Cir. 2008) ("Dominguez has failed to adequately raise or develop his due process and equal protection arguments in his appellate brief, and, thus, they are waived."); *El–Moussa v. Holder*, 569 F.3d 250, 257 (6th Cir. 2009) ("Issues adverted to in a perfunctory manner, unaccompanied by some effort at developed argumentation, are deemed waived. It is not sufficient for a party to mention a possible argument in [a] skeletal way, leaving the court to put flesh on its bones."))).

### C. Analysis

Having carefully considered the matter, the Court will deny Turner's motion for two reasons. First, contrary to Rule 56, Fifth Circuit precedent, and the Local Rules of this Court, Turner provided absolutely no briefing in connection with his declaration. Again, he said only the following: "The Claimants have now located Mr. Earl Turner and taken his statement. The statement is here submitted as a supplement in support of the opposition to dismissing his claims. Ex. A Earl Turner Statement[.]" (Doc. 796 at 2.) The extent of Turner's failure is highlighted by the instant motion, where Turner devotes about five pages to explaining the significance of this document and how it supports his claims. (Doc. 940-2 at 4–9.) As amply demonstrated above, the declaration was not properly before the Court, and, consequently, no error was made by not considering the exhibit. *See Malacara*, 353 F.3d at 405 ("Because Rincones did not identify any evidence of damages in his summary judgment response, the evidence was not properly before the district court and will not be considered here."). And, even if the exhibit was properly before the court, any argument about that document was waived by Turner's failure to provide even a short discussion about it. *See Wuestenhoefer*, 105 F. Supp. 3d at 672 (finding that, because "Relator [did] not explain how or why the relevant write-offs [came] under the ambit of" certain provisions of the False Claims Act, "[t]his failure to develop the relevant argument effectively represent[ed] a waiver of the point.").

Second, motions for reconsideration should be denied when the mover makes arguments that could have been raised before the entry of the judgment but were not. *See Templet*, 367 F.3d at 478–79. Here, there's little question that Turner could have raised all of these arguments before the Court issued its *Ruling and Order*. Indeed, Turner even concedes that, "additional briefing at that time that the declaration was offered likely would have assisted the Court and prevented the

9

dismissal of valid claims." (Doc. 952 at 3.) And yet Turner provides little if any explanation for *why* no additional arguments on the document was made, despite the fact that other briefs were filed on plaintiffs' behalf after the submission of the declaration. (Doc. 827.) While Turner is correct that this brief did not address the motion for summary judgment directed at him, nothing stopped plaintiffs' counsel from making these arguments when the declaration was originally filed or in a separate pleading.

While Turner may find this result harsh, a few points are worth emphasizing. This case has been pending for over twenty years. (*See* Doc. 1.) The record is extraordinarily extensive, with record documents nearing one thousand. (*See* Doc. 953.) As stated above, briefing on this motion was considerable, with the over fifty remaining plaintiffs submitting nine submissions on their behalf. (Doc. 849 at 1–2; Doc. 796.) Hundreds of pages of exhibits were reviewed in connection with the motions. (*See, e.g.,* Doc. 737 and its attachments.) Given the age of the case, the size of the record, and the amount of briefing and documents filed in connection with these motions, it was even more incumbent on counsel to properly argue everything for this motion in the first instance. Ultimately, a motion for reconsideration is an "extraordinary remedy [and should] be used sparingly in the interest of finality and conservation of judicial resources," *Carroll*, 342 F.3d at 945, and the Court can consider no greater need for those interests than in the present case for the present motions. For all these reasons, Turner's motion will be denied.

IV.    **Conclusion**

Accordingly,

**IT IS ORDERED** that the *Motion to Reconsider Ruling on Earl Turner Dismissal of Claims* (Doc. 940) filed by Plaintiff Earl Turner is **DENIED**.

Signed in Baton Rouge, Louisiana, on January 20, 2022.

**JUDGE JOHN W. deGRAVELLES
UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF LOUISIANA**