**UNITED STATES DISTRICT COURT**

**MIDDLE DISTRICT OF LOUISIANA**

**CHARLES ADAMS, ET AL.**

**VERSUS**

**UNITED ASSOCIATION OF
JOURNEYMAN AND APPRENTICES
OF THE PLUMBING AND
PIPEFITTING INDUSTRY OF THE
UNITED STATES AND CANADA, AFL-
CIO, LOCAL 198, ET AL.**

**CIVIL ACTION**

**NO. 98-400-JWD-RLB**

**RULING AND ORDER**

This matter comes before the Court on *Defendant's Motion for Summary Judgment as to State Law Claims for a Negligent Infliction of Emotional Distress* (Doc. 928) filed by Defendant, United Association of Journeymen and Apprentices of the Plumbing and Pipefitting Industry of the United States and Canada, AFL-CIO, Local 198 ("Defendant" or "Local 198"). Plaintiffs Michael Kyles, Earl Turner, Rayfield Goings, James Miles, John Green, Mannie Henderson, and Michael Jackson (collectively, "Plaintiffs") oppose the motion. (Doc. 944.) Local 198 has filed a reply. (Doc. 948.) Oral argument is not necessary. The Court has considered the law, the facts in the record, and the arguments and submissions of the parties and is prepared to rule. For the following reasons, Defendant's motion is granted in part and denied in part.

**I.    Relevant Background**

As this Court previously explained:

> The original 99 Plaintiffs filed a "Class Action Complaint" on May 1, 1998. (Doc. 1). The proposed class of Plaintiffs are all African Americans who: are or have been members of the Local 198; have sought and been denied membership in the Local 198; have been or are currently enrolled in the Local 198's apprenticeship program; or have sought admittance and been denied admission to the Local 198 apprenticeship training program. (*Id.*, p. 7). The sole remaining

> Defendant is Local 198. Plaintiffs allege that Local 198 discriminates based on race in the following ways: job assignments; job referrals; lay-offs; board leadership; maintaining a hostile work environment; using racial slurs and epithets; training; compensation; hiring; benefits; representation; recalls; job opportunities; retaliation; preventing work in supervisory positions; lack of assistance in disputes and providing defense; and admissions. (*Id.*, pp. 9-19). . . .
>
> This case arises out of Local 198's alleged violations of: (1) the Civil Rights Act of 1866 pursuant to 42 U.S.C. § 1981 ("Section 1981 claims"); (2) Louisiana state law for acts of racial discrimination pursuant to La. Rev. Stat. 23:332(C)(1) and (2) and (D) ("discrimination claims under state law"); (3) Louisiana state law for acts of negligence, gross negligence and/or willful and wanton negligence ("negligence claims"); and (4) Title VII of the Civil Rights Act of 1964 pursuant to 42 U.S.C. § 2000e ("Title VII claims").

(Doc. 849 at 2–3.)

On October 15, 2018, Defendant moved for summary judgment as to all but seventeen of the ninety-nine plaintiffs. (*See* Doc. 700 at 1.)  The motion's sole issue was the timeliness of these plaintiffs' claims. (*See id*. at 5.)

On July 18, 2019, this Court granted in part and denied in part Defendant's motion. (*Id.* at 89.)  Relevant here, the Court granted the motion with respect to plaintiff John Green's state law claims and dismissed them as prescribed, but the Court denied the motion with respect to Green's federal claims. (*Id.* at 63–65.)

Later, on October 31, 2019, Local 198 again moved for summary judgment against twenty-two plaintiffs. (Doc. 737.)  On February 18, 2020, Defendant also moved to dismiss the other remaining nineteen plaintiffs. (Doc. 804).  Local 198 did not, however, move for summary judgment on the pending negligence claims. (Doc. 849 at 3.)

On June 29, 2020, the Court issued a ruling on these dispositive motions. (Doc. 849.)  The Court granted the motion as to Michael Kyles and dismissed his claims for a hostile work

environment, disparate treatment, and disparate impact. (*Id.* at 94–95.)  The Court ruled the same with respect to Michael Jackson, and state law and Section 1981 claims were dismissed. (*Id.* at 88–89.)

The Court also granted the motion as to Earl Turner's claims. (*Id.* at 105–06.)  That dismissal was recently reaffirmed by this Court's ruling on Turner's motion for reconsideration. (Doc. 954.)

As to Rayfield Goings, the Court dismissed his claim for a hostile work environment but denied summary judgment as to his claims for disparate treatment and disparate impact. (Doc. 849 at 80–81.)  The same result was reached for James Miles, (*id.* at 98–100), and John Green, (*id.* at 82).  The Court also denied summary judgment as to Mannie Henderson and found that his claims for a hostile work environment, disparate treatment, and disparate impact each survived.  (*Id.* at 84–86)

Local 198 now moves for summary judgment. (Doc. 928.)  Defendant seeks dismissal of the seven named Plaintiffs' claims for negligent infliction of emotional distress ("NIED"). (*Id.*)

## II.    Rule 56 Standard

"The court shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). If the mover bears his burden of showing that there is no genuine issue of fact, "its opponent must do more than simply show that there is some metaphysical doubt as to the material facts. . . .   [T]he nonmoving party must come forward with 'specific facts showing that there is a genuine issue for trial.' " *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.,* 475 U.S. 574, 586–87 (1986) (internal citations omitted). The non-mover's burden is not satisfied by "conclusory allegations, by unsubstantiated assertions, or by only a 'scintilla' of evidence." *Little v. Liquid Air*

*Corp.*, 37 F.3d 1069, 1075 (5th Cir. 1994) (citations and internal quotations omitted). "Where the record taken as a whole could not lead a rational trier of fact to find for the non-moving party, there is no 'genuine issue for trial.'" *Matsushita Elec. Indus. Co.*, 475 U.S. at 587 (internal citations omitted). Further:

> In resolving the motion, the court may not undertake to evaluate the credibility of the witnesses, weigh the evidence, or resolve factual disputes; so long as the evidence in the record is such that a reasonable jury drawing all inferences in favor of the nonmoving party could arrive at a verdict in that party's favor, the court must deny the motion.

*International Shortstop, Inc. v. Rally's, Inc.*, 939 F.2d 1257, 1263 (5th Cir. 1991) (internal citations omitted).

## III.    Discussion

### A.  Summary of Parties' Arguments

In sum, the heart of Local 198's argument is that there is no NIED claim when the underlying claim is based in discrimination, (Doc. 928-1 at 7–9; Doc. 948 at 5–10), and that, even if there could be such a claim, none of the Plaintiffs can demonstrate the facts necessary to support this cause of action, (Doc. 928-1 at 9–22). A secondary argument by Defendant is that the state law claims of two plaintiffs (John Green and Michael Jackson) have prescribed. (Doc. 948 at 3–5.)

Plaintiffs respond that NIED is available under the facts of this case. As to prescription, Plaintiffs argues, "Where continuous acts of race discrimination permeated the Local 198 in every aspect of its operations, the discrimination was ongoing such that prescription did not start to run until the discrimination was abated." (Doc. 944 at 2; *see id.* at 2–7.) As to the NIED theory, Plaintiffs contend that Louisiana's Employment Discrimination Law, La. Rev. Stat. § 23:301 *et seq.* ("LEDL"), imposes specific duties on Local 198, and the breach of those duties can result in

4

liability for the infliction of emotional distress. (Doc. 944 at 7–19.) Plaintiffs then detail the facts of this case to show how Local 198 breached that duty as to each Plaintiff. (*Id.* at 19–34.)

### B. Applicable Law

"Generally, a defendant will not be held liable under Louisiana law where its conduct is merely negligent and causes only emotional injury unaccompanied by physical injury." *Molden v. Georgia Gulf Corp.*, 465 F. Supp. 2d 606, 614 (M.D. La. 2006) (citing *Moresi v. State, Dept. of Wildlife and Fisheries*, 567 So.2d 1081, 1096 (La. 1990)). "In *Moresi,* the Louisiana Supreme Court considered whether a plaintiff could recover for mental disturbances caused by a defendant's ordinary negligence when the mental disturbance was unaccompanied by physical injury, illness, or other physical consequences." *Id.* (citing *Moresi*, 567 So. 2d at 1095). The *Moresi* "court refused to allow recovery for mental anguish absent a physical injury except in 'special circumstances.' " *Id.* (quoting *Moresi*, 567 So. 2d at 1096).

"To date, the Louisiana courts have identified only four instances in which recovery is allowed for mental anguish without physical injury." *Id.* "These instances all involve 'the especial likelihood of genuine and serious mental distress, arising from the special circumstances, which serve as a guarantee that the claim is not spurious.' " *Id.* (quoting *Moresi*, 567 So. 2d at 1096). [1]

---

[1] Plaintiffs here rely on only one of these categories, and it will be discussed *infra*. The other three categories identified by *Molden* are:

> A plaintiff may recover damages for a defendant's infliction of emotional distress based on a separate tort involving physical consequences to the person or property of the plaintiff, such as an assault or a battery, false imprisonment, trespass to land, nuisance or the invasion of the person's right to privacy. [*Moresi*, 567 So. 2d at 1095.]

> A defendant's intentional infliction of emotional distress will also support an award for mental anguish damages. [*White v. Monsanto Co.*, 585 So. 2d 1205 (La. 1991).] . . .

> Finally, a bystander may recover an award for infliction of emotional distress where the bystander either views the accident or injury causing event or comes

"When a plaintiff does not fall into one of [these] four categories, the plaintiff must prove the 'claim is not spurious by showing a particular likelihood of genuine and serious mental distress arising from special circumstances.' " *Id.* (quoting *Bonnette v. Conoco, Inc.*, 837 So. 2d 1219, 1235 (2003)). "If the plaintiff is unable to meet this standard, recovery for mental distress is not allowed absent physical injury." *Id.*

Here, Plaintiffs rely upon the third category:

> [W]hen the plaintiff is a direct participant in the accident causing the emotional injury, and the defendant owes a direct, specific statutory duty to the plaintiff to refrain from the specific conduct that causes the accident, damages for the infliction of emotional distress may be awarded, even absent physical injury. [*Clomon v. Monroe City School Board*, 572 So. 2d 571, 586 (La. 1990) (Dennis, J.); *Guillory v. Arceneaux*, 580 So. 2d 990 (La. App. 3 Cir. 1991)].

*Molden*, 465 F. Supp. 2d at 614–15. Under this category, "defendant must violate a special statutory duty to the plaintiff and 'thereby cause[ ] her to become an actual participant in an accident . . . where mental anguish was clearly foreseeable. . . .' " *Id.* at 616 (quoting *Clomon*, 572 So. 2d at 583–84 (emphasis omitted)). Or, as one Louisiana appellate court recently said, "[t]here must be proof that the defendant violated some legal duty owed to the plaintiff, and the plaintiff must meet the heavy burden of proving outrageous conduct by the defendant." *Pelitire v. Rinker*, 18-501 (La. App. 5 Cir. 4/17/19), 270 So. 3d 817, 829 (affirming dismissal of NIED claim because, among other reasons, defendant minister did not owe a legal duty to plaintiff with respect to pastoral counseling) (citation omitted)), *writ denied*, 19-793 (La. 9/17/19), 279 So. 3d 378.

---

upon the accident before a substantial change. [*Lejeune v. Rayne Branch Hospital*, 556 So. 2d 559, 570 (La. 1990)].

*Molden*, 465 F. Supp. 2d at 614–15.

Here, Plaintiffs base the duties on certain provisions of the LEDL, specifically Louisiana Revised Statute § 23:332(C) and (D). This statute provides in relevant part:

> C. It shall be unlawful discrimination in employment for a labor organization to engage in any of the following practices:
>
>> (1) Intentionally exclude or intentionally expel from its membership, or otherwise intentionally discriminate against, any individual because of his race, color, religion, sex, or national origin.
>>
>> (2) Intentionally limit, segregate, or classify its membership or applicants for membership, or intentionally classify or fail or refuse to refer for employment any individual in any way which would deprive or tend to deprive any individual of employment opportunities, or would limit such employment opportunities, or otherwise adversely affect his status as an employee or as an applicant for employment, because of such individual's race, color, religion, sex, or national origin.
>>
>> (3) Intentionally cause or attempt to cause an employer to discriminate against an individual in violation of this Section.
>
> D. It shall be unlawful discrimination in employment for any employer, labor organization, or joint labor-management committee controlling apprenticeship or other training or retraining, including on-the-job training programs, to discriminate against any individual because of his race, color, religion, sex, or national origin in admission to, or employment in, any program established to provide apprenticeship or other training.

La. Rev. Stat. § 23:332(C) and (D).

The questions then become: What is the nature of the duty imposed by these provisions of the LEDL, and what constitutes their breach? Or, to frame the issues as Judge Dennis did in *Clomon*, the Court must "examine the purposes of the legislation and decide (1) whether [plaintiffs] fall[] within the class of persons it was intended to protect and (2) whether the harm

complained of was of the kind which the statute was intended, in general, to prevent." *Clomon*, 572 So. 2d at 577 (citation omitted).

The answer to the first issue is simple. Plaintiffs were clearly within the class of persons the LEDL was designed to protect. That is, by the plain language of § 23:332(C) and (D), the statute was designed to protect Plaintiffs as members of labor organizations.

The answer to the second question—whether the complained-of harm was of the kind which the statute was generally intended to prevent—lies in the well-established principles that (1) "[t]he LEDL—which prohibits an employer from discriminating against an individual based on his race, color, religion, sex, age or national origin—is similar in scope to Title VII's prohibitions against discrimination"; and (2) "[f]ederal courts look to Title VII jurisprudence to interpret the LEDL." *Harrell v. Orkin, LLC*, 876 F. Supp. 2d 695, 701 (E.D. La. 2012) (Africk, J.) (citing *Baker v. Fedex Ground Package Sys*., 278 F. App'x. 322, 327 (5th Cir. 2008) ("We look to federal employment discrimination jurisprudence when interpreting Louisiana's anti-discrimination laws." (citing, *inter alia*, *Smith v. Amedisys, Inc*., 298 F.3d 434, 448 (5th Cir. 2002)); *see also Alderman v. Great Atl. & Pac. Tea Co*., 332 F. Supp. 2d 932, 936 (E.D. La. 2004) (Feldman, J.) ("Because of its doctrinal similarity to Title VII, and the related social goals of both statutes, Louisiana courts routinely look to Title VII to interpret the LEDL." (citations omitted)). These are the risks against which the LEDL were designed to protect.

Thus, Plaintiffs' claims for emotional distress damages rooted in the LEDL rise and fall with their Title VII claims. That is to say, if a plaintiff can show a violation of Title VII, he has also generally shown a violation of the LEDL that would entitle him to damages for emotional distress. Conversely, if a plaintiff has no Title VII claim, then he necessarily has no claim under the LEDL for mental anguish.

This ruling is consistent with those cases cited by Plaintiffs which have blessed awards for mental distress damages for violations of the LEDL. *See Motton v. Lockheed Martin Corp.*, 2003-0962 (La. App. 4 Cir. 3/2/05), 900 So. 2d 901 (finding no abuse of discretion in jury award of $100,000 in damages for emotional distress or mental anguish for sex discrimination case involving being passed over for a position); *Brooks v. S. Univ. & Agr. & Mech. Coll.*, 03-0231 (La. App. 4 Cir. 7/14/04), 877 So. 2d 1194, 1227 (increasing general damage award to $200,00 for mental anguish felt by plaintiff for sexual harassment, gender discrimination, and retaliation). This conclusion is also consistent with cases awarding emotional damages for Title VII claims. *See Williams v. Trader Pub. Co.*, 218 F.3d 481, 487 (5th Cir. 2000) (affirming award of mental anguish damages in Title VII case); *Moss v. Texas Dep't of Crim. Just.*, No. 05-11403, 2006 WL 1877221, at *3 (5th Cir. July 5, 2006) (relying on *Williams* and affirming award of emotional distress damages stemming from a demotion); *Pickett v. Miss. Bd. of Animal Health*, No.18-214, 2021 WL 3373806, at *7 (S.D. Miss. Aug. 3, 2021) (reducing award of emotional distress damages in Title VII retaliation case from $100,000 to $75,000).

Moreover, the Court rejects Defendant's argument that such damages are unavailable because the LEDL allegedly only prohibits intentional misconduct. Local 198 bases this argument on *Pelitire*, which found, with respect to the plaintiff's "claims for sexual assault and battery[,]" that "these claims involve intentional torts, *not negligence*, and likewise do not support a claim for negligent infliction of emotional distress." 270 So. 3d at 830.

But Plaintiffs' claims are not intentional torts in the same sense as claims for sexual assault and battery. The latter are rooted in Louisiana Civil Code article 2315. *See Landry v. Bellanger*, 2002-1443 (La. 5/20/03), 851 So. 2d 943, 949 ("Louisiana embraces a broad civilian concept of 'fault' [under Article 2315] that encompasses any conduct falling below a proper standard,

9

including intentional torts." (citations omitted)).  And, as *Pelitire* correctly explains, these torts require a different burden than mere negligence.

Plaintiffs' claims, on the other hand, are not rooted in Article 2315, nor could they be.  *See Jackson v. Country Club of Louisiana, Inc.*, No. 20-452, 2021 WL 261538, at *7 (M.D. La. Jan. 26, 2021) (Dick, J.) ("Louisiana Civil Code article 2315 cannot serve as the basis for a cause of action that is derived from employment discrimination." (citing, *inter alia*, *McCoy v. City of Shreveport*, 492 F.3d 551 (5th Cir. 2007)).  Rather, Plaintiffs' claims are rooted in the LEDL, and liability under this statute is essentially coextensive with Title VII and other federal discrimination statutes. *See Harrell*, 876 F. Supp. 2d at 701; *Alderman*, 332 F. Supp. 2d at 936.  And, as *Clomon* concluded, "in the narrow class of cases involving the direct, special statutory duty owed . . . , there is no justification for the creation of juristic limitations upon the principle of reparation underlying Civil Code Article 2315." *Clomon*, 572 So. 2d at 578.

In sum, Plaintiffs can recover emotional distress damages, if they also establish violations of Title VII and thus the LEDL. These situations "all involve 'the especial likelihood of genuine and serious mental distress, arising from the special circumstances, which serve as a guarantee that the claim is not spurious.' " *Molden*, 465 F. Supp. 2d at 614 (quoting *Moresi*, 567 So. 2d at 1096).

### C.  Analysis

Turning to Plaintiffs' specific claims, again, in ruling on Defendant's motions for summary judgment, this Court dismissed with prejudice the federal claims of Michael Kyles, (Doc. 849 at 94–95), Michael Jackson, (*id.* at 88–89), and Earl Turner, (*id.* at 105–06; *see also* Doc. 954 at 9–11.)  Consequently, as Local 198 argues in reply, (Doc. 948 at 3), those Plaintiffs can have no viable claim for negligent infliction of emotional distress, and their state law claims will be dismissed.

Conversely, the following Plaintiffs had Title VII claims that survived summary judgment: Rayfield Goings, (Doc. 849 at 80–81), James Miles, (*id.* at 98–100), John Green, (*id.* at 82), and Mannie Henderson, (*id.* at 84–86).  As a result, with one exception, these Plaintiffs' state law claims for negligent infliction of emotional distress will survive.

The sole exception is John Green.  As Defendant points out, (Doc. 948 at 3–5), Green's state law claims were previously dismissed as prescribed. (Doc. 700 at 63–65.)  Thus, his claim for NIED remains dismissed.

### IV.    Conclusion

Accordingly,

**IT IS ORDERED** that *Defendant's Motion for Summary Judgment as to State Law Claims for a Negligent Infliction of Emotional Distress* (Doc. 928) filed by Defendant, United Association of Journeymen and Apprentices of the Plumbing and Pipefitting Industry of the United States and Canada, AFL-CIO, Local 198 is **GRANTED IN PART** and **DENIED IN PART**.  The motion is **GRANTED** in that the claims of the following Plaintiffs for NIED are **DISMISSED WITH PREJUDICE**: Michael Kyles, Michael Jackson, Earl Turner, and John Green.  The motion is **DENIED** with respect to Rayfield Goings, James Miles, and Mannie Henderson, and their NIED claims survive.

Signed in Baton Rouge, Louisiana, on <u>January 27, 2022</u>.

**JUDGE JOHN W. deGRAVELLES**
**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF LOUISIANA**