# UNITED STATES DISTRICT COURT

## MIDDLE DISTRICT OF LOUISIANA

**CHARLES ADAMS, ET AL.**                                  **CIVIL ACTION**

**VERSUS**                                                      **NO. 98-400-JWD-RLB**

**UNITED ASSOCIATION OF
JOURNEYMEN AND
APPRENTICES OF THE
PLUMBING AND PIPEFITTING
INDUSTRY OF THE UNITED
STATES AND CANADA,
AFL-CIO, LOCAL 198, ET AL.**

## NOTICE

Please take notice that the attached Magistrate Judge's Report and Recommendations has been filed with the Clerk of the U.S. District Court.

In accordance with 28 U.S.C. §636(b)(1), you have fourteen (14) days from date of receipt of this notice to file written objections to the proposed findings of fact and conclusions of law set forth in the Magistrate Judge's Report. A failure to object will constitute a waiver of your right to attack the factual findings on appeal.

**ABSOLUTELY NO EXTENSION OF TIME SHALL BE GRANTED TO FILE WRITTEN OBJECTIONS TO THE MAGISTRATE JUDGE'S REPORT.**

Signed in Baton Rouge, Louisiana, on October 24, 2022.

**RICHARD L. BOURGEOIS, JR.
UNITED STATES MAGISTRATE JUDGE**

# UNITED STATES DISTRICT COURT

## MIDDLE DISTRICT OF LOUISIANA

**CHARLES ADAMS, ET AL.**                              **CIVIL ACTION**

**VERSUS**                                              **NO. 98-400-JWD-RLB**

**UNITED ASSOCIATION OF
JOURNEYMEN AND
APPRENTICES OF THE
PLUMBING AND PIPEFITTING
INDUSTRY OF THE UNITED
STATES AND CANADA,
AFL-CIO, LOCAL 198, ET AL.**

## REPORT AND RECOMMENDATION

This matter was filed with the court on May 1, 1998. Since that time, the parties have settled every claim in this matter except those of Plaintiff James Miles. Mr. Miles has previously participated in his case and the Court conducted a settlement conference with him on January 5, 2021. The parties were unable to reach a resolution but indicated negotiations would continue. (R. Doc. 913).

At the request of the parties, a subsequent settlement conference was scheduled in-person for May 18, 2022. (R. Doc. 958). Plaintiff James Miles personally appeared for the conference; however, the parties were unable to reach an agreement. (R. Doc. 959). Plaintiff was also informed that absent settlement, this matter would be set for trial.

In August 2022, the undersigned was informed by plaintiff's counsel, Ms. Grodner, that Mr. Miles had stopped responding to her. Counsel was concerned about her ability to prepare if he client refused to confer with her. On August 31, 2022, the Court entered a notice (R. Doc. 967) setting a telephone conference. At the telephone conference on September 13, 2022, Ms.

Grodner indicated she again attempted to contact Plaintiff and had provided him with dial-in information for the conference. Mr. Miles did not call in to the conference.

Ms. Grodner also inquired if Defendant had alternative contact information for Mr. Miles or a relative of his. Ms. Richard-Spencer, counsel for Defendant, advised there is paperwork that may contain relevant contact information. Ms. Grodner was instructed by the Court to file a Motion for Status Conference and Ms. Richard-Spencer was ordered to file contact information, under seal, following the filing of that motion. (R. Doc. 968).

The Motion for Status Conference (R. Doc. 969) was filed on September 19, 2022 with Defendants filing alternative contact information, under seal, on September 20, 2022. (R. Doc. 970). An Order (R. Doc. 971) was entered granting the request for status conference and ordering Mr. Miles to personally participate. The Clerk of Court was instructed to mail a copy of the Motion and Order to Plaintiff Miles at the addresses filed under seal by Defendant. The Order also contained dial-in information for the conference and advised Plaintiff that failure to participate may result in the issuance of sanctions.

On October 12, 2022, the telephone status conference was held and Mr. Miles failed to participate as ordered. Defense counsel indicated that the contact information previously filed under seal is current. (R. Doc. 972). A review of the record does not show an indication of mail returned undeliverable. Plaintiff's counsel advised that despite her best efforts, Mr. Miles has not responded to any attempt at contact. The Court noted that this case cannot move forward if Plaintiff refuses to communicate with his attorney or comply with Court orders.

Local Rule 41(b)(2) provides that: "Prior to issuance of a dismissal, notice shall be sent to the plaintiff, and plaintiff shall be allowed fourteen calendar days from mailing of the notice within which to file evidence of good cause for plaintiff's failure to act. If no response is

received within the allotted time, the Court may dismiss the civil action. If a timely response is filed, a District Judge or a Magistrate Judge may order additional time within which to take action, dismiss the civil action without prejudice, or issue any other appropriate order.

As a practical matter, the case cannot proceed if the Plaintiff refuses to respond to his attorney or the Court. Plaintiff's failure to prosecute his own claims effectively deprives the Defendant of the opportunity to defend itself from the allegations made against it. The Plaintiff has failed to respond to Court orders and has failed to prosecute this action.

Because this is issued as a report and recommendation, Mr. Miles will have 14 days to object or otherwise respond prior to any action by the district judge. He shall contact his attorney immediately so that any appropriate response may be submitted to the Court.

## **RECOMMENDATION**

It is the recommendation of the magistrate judge that the Plaintiff's complaint be dismissed pursuant to Local Rule 41(b) for failure to prosecute.

The Clerk of Court shall send a copy of this Report and Recommendation to the names and addresses filed under seal by Defendant at R. Doc. 970.

Signed in Baton Rouge, Louisiana, on October 24, 2022.

**RICHARD L. BOURGEOIS, JR.**
**UNITED STATES MAGISTRATE JUDGE**